### STATE *v.* WILLIAM D. PATTERSON.

Evidence having been given that a person then upon trial for larceny, had been charged with the crime by the prosecutor, face to face, on being arrested under a State's warrant; it is competent for the defendant to show what his reply was to such accusation.

(*State v. Swink*, 2 D. & B. 9, cited and approved.)

LARCENY, tried before *Cannon, J.*, at Spring Term, 1869, of the Superior Court of TRANSYLVANIA.

The defendant was indicted for stealing a hog, the property of one Lydey. It was shown on the part of the State that a warrant was issued against the defendant at the instance of the prosecutor, Lydey, and that when it was being served, Lydey charged the defendant with the theft. The counsel for the defendant then asked the witness (Lydey) what was the reply of the defendant to this accusation? To the reception of this evidence the Solictor objected; and the Court sustained the objection.

Vedict, guilty; Rule for new trial; Rule discharged; Judgment, and Appeal.

No counsel for the appellant.

*Attorney General, contra.*

SETTLE, J. From the statement of the case sent to this Court, it appears that while the warrant was being served at the house of the defendant, the prosecutor, Lydey, charged the defendant with stealing his hog. This evidence was introduced by the State.

Had the defendant remained silent, it would have been a circumstance which the jury might have taken into consideration in passing upon his guilt. *State v. Swink*, 2 Dev. & Bat. 9; for there is no doubt but that admissions implied from the conduct of a party are evidence against him, as well as express admissions. Surely, then, the State ought not to object

to hearing what the defendant had to say in reply to a charge called out by the prosecution, when his silence would have been prejudicial.

The general rule is, that a person's own declarations are not admissible for him, except under a few peculiar circumstances. But it would be unfair to receive what others said to the accused, and refuse to hear what he said in reply. This opinion is not based upon the idea that the declarations of the defendant were a part of the *res gestœ*, as was contended for upon the trial below, but it rests upon the familiar principle, that when a party calls for a statement made at a given time and place, the opposite party is entitled to all that was said in the same conversation. This rule applies both to civil and criminal cases.

There is error which entitles the defendant to a *venire de novo.* Let this be certified, &c.

PER CURIAM,                                   *Venire de novo.*