### THE STATE v. JEREMIAH WORTHINGTON.

What a man says when charged with a crime, is competent evidence for him ; *therefore*, what was said by a man charged with having stolen goods in his possession, who thereupon showed them, is competent.

It was also competent, as part of a conversation, the first part of which had necessarily been given in evidence by the State.

In such cases, the record ought to show *what* it was that the defendant said,—so as to show its importance, and that its rejection prejudiced him ; it ought also to present what had been said by the person who charged that he had stolen goods in his possession.

(Observations by the Court, upon the importance of counsel's bestowing care in making up *cases* for this Court.)

(*State* v. *Swink,* 2 D. & B., 9 ; *State* v. *Scipio Smith,* 2 Ire. 402, and *State* v. *Cowan,* 7 Ire. 239, approved.)

INDICTMENT, with two counts, (1,) for larceny, and (2,) for receiving stolen goods, tried before *Jones, J.,* at Spring Term 1870, of PITT Court.

It was shown that one Cobb, also indicted with the defendant, had stolen cotton from the gin of one Wilson, on the night of October 16, 1869, and that this was traced by Wilson to the store of the defendant, upon the next morning, about daylight. Wilson, at that time, went into the store, and was shown by the defendant a lot of cotton. On the same day he sent for it, and it was delivered up.

Some testimony was introduced by the defendant, which it is not material to state here. He then offered to prove what he said to Wilson, at the time when he showed him the cotton. This was objected to, and was excluded by the Court. The defendant excepted.

His Honor instructed the jury as to Worthington, that the only question was, whether he had received the cotton with a guilty knowledge, that if they were satisfied that he

did, they should find him guilty upon the second count; otherwise, they should find him not guilty.

Verdict, Guilty; Rule, &c.; Judgment, and Appeal.

*Johnson,* for the appellant.
*Attorney-General,* contra.

PEARSON. C. J.   There is error in the rejection of what was said by the defendant, when he showed the cotton to Wilson, who claimed it as his cotton, and charged that it had been stolen out of his gin the night before.   This evidence was admissible on two grounds.   It was part of a conversation.   The State having offered in evidence the first part, as a matter of course the defendant was entitled to have the whole of the conversation put before the jury.   When a man who is at liberty to speak, is charged with a crime and is silent, his silence is a circumstance tending to show guilt: *State* v. *Swink,* 2 D. & B., 9.   It follows, that if he denies the charge, or says anything in explanation, these declarations may be given in evidence in his favor, to pass before the jury for what they are worth.   The State having opened the door, lets in all that was said on both sides.

The general rule is, (and his Honor seems to have acted upon it) : "The declarations of a defendant are not evidence for him."   One exception is made to the rule : "When the State offers in evidence a part of the conversation, the whole should be heard."

If a man be charged with a crime, he is not allowed to offer the conversation in evidence ; that would be manufacturing evidence for himself, and such evidence is excluded by the general rule.   But if the State proves a part, the whole is admissible under the exception.

In our case, there is an additional ground :   What was said by Wilson, and what was said by the defendant at the

time he showed the cotton, then in his possession, to Wilson, was a part of the act, and his showing the cotton could not be proved by the State without letting in what was said at the time on both sides ; for, showing the cotton was only a part of the act—the *whole* act or *res gestœ* included what was said as well as what was done. The Attorney-General did not refer to any case excluding the declarations of a defendant at the time he is found in the possession of stolen property. On the contrary, in all of the cases that we have examined, the declarations at the time are received as of course. If the defendant be silent, or hesitates, or gives inconsistent statements, it is a circumstance against him ; if he is self possessed, and gives a clear and consistent explanation, it is a circumstance in his favor : *State* v. *Scipio Smith*, 4 Ire. 402.

Upon opening the case, the record was found to be defective in three particulars :

1. It did not set out what Wilson said when the defendant showed him the cotton. This omission may not have been fatal to the point which the defendant wished to present, for we are inclined to the opinion, that when one is found in the possession of stolen goods, he is entitled to give in evidence, what he, at the time, says in explanation of the fact of his being in possession. There may be no express charge made against him, but the fact of his being in possession of stolen goods, makes a charge by implication, " unless he can give a rational account how he obtained them :" *Smith's* case, *supra*. It was, however, better to supply the omission, as it must have been an oversight in making up the case, for it is not at all probable that Wilson said nothing when the cotton was showed to him, and it is still less probable, that the witness " kept back " what he said, or that he would have been permitted to do so by the presiding Judge, with a view of excluding what the defendant said in reply.

2. It did not set out " the declaration of the defendant," which he proposed to give in evidence. This omission would have excluded the point; for unless the matter which the party offers to prove, is set out, the error, in rejecting it, does not appear on the record. " The declarations may have been irrelevant, and so, harmless. It is necessary that the appellant should show in his exception, some error to his prejudice; otherwise, the Court cannot undertake to set aside the solemn verdict of the jury:" *State* v. *Cowan,* 7 Ire. 239.

3. The verdict was general, and found the defendant guilty on both counts, to wit, He is guilty of stealing the cotton, and he is guilty of *receiving* the cotton, knowing it to have been stolen. This is inconsistent and absurd. No judgment could be rendered on it. When several counts of an indictment set out different ways in which the crime was committed, the jury need not find in which of the ways it was committed, but may find a general verdict : *State* v. *Williams,* 9 Ire. 140 ; but when the indictment charges two distinct offences, of such a nature that if the defendant be guilty of one, he cannot be guilty of the other, no judgment can be rendered on a general verdict. These difficulties are all put out of the way by amendment. It is proper to refer to it as showing a commendable liberality on the part of the counsel. It would disgrace the administration of the law if a guilty man should avoid judgment by an omission in entering the verdict, or if one charged with a crime should be deprived of a trial according to law, by an oversight in making up the case.

We refer to it also for the purpose of again calling the attention of the members of the bar to the importance of seeing to it that cases for this Court are made up so as to present *the points,* without encumbering the record with unnecessary matter. An attorney often serves his client as

effectually by attending to the making up of the case, as by conducting it skilfully before the Court and jury.   His duty does not end when the verdict is entered.

There is error.

PER CURIAM.                                        *Venire de novo.*