## ISAAC STREET v. BLOUNT BRYAN.

The decisions of Justices of the Peace upon questions of fact are not the subject of review.

Damages to realty by wilful carelessness cannot be set up by way of *counter claim* or set off to an action of contract for the payment of money.

It is incumbent upon the party excepting, when the error alleged consists in rejecting evidence, to show distinctly what the evidence was, in order that its relevancy may appear, and that it may be seen that he has been prejudiced by its rejection.

Sec. 17 of chap. 227, acts of 1869–'70, does not apply to Justices' judgments which do not exceed the sum of twenty-five dollars.

*Whiteside* v. *Twitty*, 8 Ire. 431; *State* v. *Worthington*, 64 N. C. 594; *Bland* v. *O'Hagan, Ib.* 471, cited and approved.

Appeal from a judgment of a Justice of the Peace, heard at Chambers before *Jones, J.,* on the 13th October, 1870.

The plaintiff proved on the trial that he and other hands employed by him had rendered service to the plaintiff, as laborers, from the 21st January, 1869, to August 20th, 1870, and that defendant owed plaintiff for balance due him for such services, twenty-five dollars. Whereupon the Justice gave judgment for this amount against defendant and for costs.

The defendant appealed from the judgment thus rendered to his Honor Judge Jones, and assigned as exceptions to the rulings of the Justice :

1. That the Justice excluded evidence to show that the plaintiff did serious damage to the defendant's premises by wilful carelessness.

2. Upon the ground that one Hillar was not agent for defendant to pay the expenses of plaintiff to this State.

3. Because the Justice refused all evidence offered by defendant to show counter claim.

4. Because the Justice excluded evidence tending to show that plaintiff represented his daughter to be a good hand, when she could render but little service.

5. That the affidavit of Hillar was not evidence to be allowed in this case as defendant had no notice.

6. That the evidence of defendant ought to have been received by the Justice, to-wit : That defendant had authorized no one but his son, Julius Bryan, to hire hands in Petersburg, and that he had not authorized his son to pay expenses of hands to North Carolina.

It was in evidence that the defendant was present during the trial with his Attorney, and that no objection was offered to the reading of the affidavit of Hillar.

The plaintiff testified also that Julius Bryan, the son of defendant, promised to pay the travelling expenses of plaintiff and his hands to defendant's residence, provided they worked longer than one month.

Julius Bryan testified that it was *not* a part of the contract to pay the travelling expenses of the plaintiff and his hands, and that he advanced the travelling expenses of plaintiff, which amounted to twenty-five dollars.

His Honor upon consideration, affirmed the judgment of of the Justice of the Peace from which defendant appealed.

*Badger* and *Devereux*, for plaintiff :

Cited and commented on *Campbell* v. *Allison*, 63 N. C. 568, Sec. 301, C. C. P. and Rule 15, adopted by this Court at June Term, 1869.

*Busbee & Busbee*, for defendant.

Boyden, J. The defendant appealed from the decision of the Justice, and sets forth six reasons or grounds for his said appeal; no one of which is sufficient to reverse the decision of the Justice.

The 2, 4 and 6 are decisions of the Justice upon questions of fact, from which there is no appeal.

The 1st ground is as follows :

The Justice excluded evidence to show that Isaac Street, the plaintiff, did serious damage to the premises by wilful carelessness.

The Justice properly rejected this evidence, as such evidence of unliquidated damages could not be admitted as evidence of a counter claim, or as a set-off, in an action of contract, for the payment of money ; and besides, the statement is too indefinite, as no one can tell, in what this wilful carelessness consisted, by which serious damage could be done to the premises, by a mere laborer, who does not appear to have had any authority, but was merely to labor as directed.

The 3d ground is, " that the Justice refused all the evidence offered to show counter claim."

In what this evidence of counter claim consisted, we are not informed. This is too indefinite and uncertain, as an objection for the rejection of competent or relevant testimony. *White-sides* v. *Twitty*, 8 Ire. 431; *State* v. *Worthington*, 64 N. C. 594; and *Bland* v. *O'Hagan*, *Ib.* 471.

In the case in Iredell, Chief Justice Ruffin says: "That if the decision were erroneous, yet as the case is stated in the bill of exceptions, it is not in the power of the Court to assist the defendant; that it has been frequently declared by this Court,. that it is incumbent on the party excepting, when the error alleged consists in rejecting evidence, to show distinctly what the evidence was, in order that its relevancy may appear, and that it may be seen that a prejudice has arisen to him from the rejection."

In the case of *Bland* v. *O'Hagan*, Justice Dick, in delivering the opinion of the Court says:

"A party who offers evidence upon a trial, ought to set it forth in distinct terms, so that the Court may pass upon its admissibility, and see that it is relevant to the matters at issue."

This has not been done by the defendant, and there was no error, as it does not appear how the defendant could be prejudiced by its rejection.

The 5th ground, is in these words: "That the affidavit of Hillar is not evidence to be allowed 'in this case, as defendant had no notice."

The case made by the Justice states, that the defendant was represented by the counsel, and that the affidavit was read without objection.

The defendant relies upon the Act of 1870, ch. 227, sec. 17, to sustain this exception. The defendant's counsel has mistaken the object of this provision in sec. 17. This section does not apply to cases when the judgment of the Justice is for $25, or under, and where there is to be no new trial in the Superior Court; but to cases, where the party upon appeal is entitled to a trial *de novo*. This provision was intended to prevent the

objection being urged, that as the deposition had once been read on a previous trial, without exception, it was, as a matter of course, entitled to be read again on a second trial, without showing it had been regularly taken.

PER CURIAM.                                        Judgment affirmed.