STATE *vs.* MAJOR PURDIE.

To avail himself of error in the rejection of evidence, a party must show distinctly what the evidence was, in order that the relevancy may appear, and that a prejudice has arisen to him on account of its rejection.

An indictment charging that the defendant " unlawfully, wilfully and maliciously, did enter upon the lands of R. B., there situate, and did then and there set fire to the woods on said land," is sufficient under 20th section, chapter 35, Revised Code.

[*Whiteside* v. *Purdy*, 8 Ire. 431; *State* v. *Worthington*, 64 N. C, R. 594; *Bland* v. *O'Hagan*, *Ib.* 471; *Street* v. *Bryan*, 65 N. C. R 619; *Jarman* v. *Cable*, 13 Ired. 1, cited and approved.]

This was an indictment for setting fire to and burning the woods, &c.

The following statement was made out by the presiding Judge:

The defendant was indicted for maliciously setting fire to and burning the woods of one R. P. Booe, on the 8th of April, 1871. The prosecutor, about 11 o'clock, being at his residence, discovered, rising from the woods on the next side of his plantation, volumes of smoke ; the direction of the wind was from the west and south-west in a direction across his plantation, and towards that of the defendant, who lived less than a half mile from the prosecutor, and east of him ; approaching the fires, he found that they had been started from three different points, about three hundred yards from each other. His neighbors rallied to his relief in considerable numbers, and the fires were suppressed with little damage, except the loss of about six hundred panels of fence. The defendant, who lived one-fourth or one-half mile distant, did not aid in extinguishing the fire, while several neighbors, from several miles distant, did aid. The defendant offered in evidence the testimony of one Armstrong, tending to show that defendant, about 9 o'clock A. M. of the day of the fire, stopped at his house, about three miles from the place of the fire, and said he was unwell, and was on

his way to Dr. Hampton's ; about two o'clock he returned to the house of the same witness, or to the blacksmith shop near by ; at this time the neighbors were hurrying by him to aid in extinguishing the fire, but defendant did not go, but continued at the shop ; it did not appear how long. Counsel proposed to give evidence of the defendant's declarations of the motive of his stopping. This evidence was rejected by the Court, defendant excepted.

From Dr. Hampton's to defendant's is about six miles. In the evening of the same day, after the fire, one of the neighbors, who was returning from the scene of the fire, stopped at defendant's house, he inquired whether Booe suffered much damage, and whom he suspected; next day he averred he could prove his family and himself clear. It was suggested that the fire was accidental, the Court called the attention of the jury to the suggestion, and told them to consider the circumstances, as proved, attending the begining of the fires, their direction and progress, and see whether their recollection and application of the evidence enabled them to infer the probability that the fire was the result of accident. Counsel of defendant excepted. One Sprinkle was a witness called for the State. He was asked on cross examination, if he had not heard his own character proven to be bad in Court ; he answered the question that he had, by his enemies; he was also asked if an indictment for perjury had not been sent against him ; he answered that it had been. The Court then interposed, and said he would not allow such an examination to be repeated. Defendant tendered himself as a witness, to rebut the threats sworn to by the prosecutor ; his testimony for that purpose was rejected. Defendant excepted.

There was a verdict against the defendant. He moved for a new trial, which was refused. There was a motion in arrest of judgment because the indictment did not charge that the woods burnt were not the property of the defentant. Motion overruled. Defendant appealed.

*Attorney General*, for the State.

No counsel for the defendant.

BOYDEN, J. There is no ground for a new trial. The defendant asked the witness, Sprinkle, " if he had not heard his own character proven in Court, to be bad." This question was answered.

This witness was then asked if an indictment for perjury had not been sent to the Grand Jury of Wilkes Superior Court against him. This question was answered by the witness. The Court then interposed, saying that he would not allow such an examination to be repeated. No further question was asked this witness. The defendant excepted. That this exception can not avail the defendant, has been repeatedly decided by this court.

To avail himself of error in the rejection of evidence, the party must show, distinctly, what the evidence was, in order that its relevancy may appear, and that a prejudice has arisen to him from the rejection. In other words, the error must appear upon the record, as only such as do thus appear can be noticed by the Court. *Whitesides* v. *Purdy* 8, Ire. 431. *State* v. *Worthington* 64, N. C. R. *Bland* v. *O'Hagan* Ib. 471, and *Street* v. *Bryan* 65, N. C. R. 619, and *Overman* v. *Cable* 13, Ire. 1.

It had been proved, that the defendant, about 9 o'clock A. M., of the day of the burning of the woods, had stopped at the house of one Armstrong, on his way to Jonesville, and that about 2 o'clock P. M., of the same day, on his return, he again stopped at the same house, or at a black smith's shop near by, and at this time the neighbors were hurrying by, to aid in extinguishing the fire, but that the defendant did not do so ; but remained at the shop, how long it did not appear ; The defendant's counsel then proposed to offer evidence of his declaration of the motive for stopping ; to the reception of this evidence objection was made, and it was rejected by the Court. This

objection cannot be sustained for the same reason as the other.

When these declarations were made it does not appear, whether at the time of stopping, or how long after, nor does it appear what these declarations were. So this Court can neither see that they formed a part of the *res gestae* as insisted on, or that they were such declarations as could have served the defendant, or had any tendency to disprove, or in any way to modify or diminish the effect of his stopping at the shop, while all the other neighbors were hurrying forward to aid in extinguishing the fire. Therefore there was no error in rejecting the evidence offered.

The motion in arrest of judgment is one of more difficulty. The indictment does not charge, in so many words, that the fire was not set out on the defendant's own land.

But the Court thinks it does charge that which is equivalent, to-wit, that the defendant unlawfully, wilfully and maliciously, did enter upon the lands of one R. P. Booe, there situate, and did then and there wilfully and unlawfully set fire to the woods, on said lands, and did there wilfully and unlawfully set fire to, and burn the leaves, and stuff, and timber, on said lands, and did then and there unlawfully and wilfully set fire to, burn, destroy, and consume the fences on said land, about and surrounding the cultivated fields of said Booe on said land &c. This we think is equivalent to the allegation not on his own lands, and that, after alleging that the fire was set on the land of the prosecutor, Booe, it would be tautological to have added to this, not on the land of the defendant.

Whether before the Act *Rev. Code chap.* 35, *sec.* 20 , this indictment would have been sufficient or not, it is unnecessary to decide, as since that act we think the indictment sufficient.

There is no error. This will be certified, that the Court may proceed to judgment.

PER CURIAM.                                   Judgment affirmed.