WYATT EARP and others v. W. H. RICHARDSON and others.

It is the duty of a referee to state positively and definitively all the facts constituting the grounds of defence, and not leave to inference what is the precise fact intended to be found. Conclusions of law and fact must be stated separately; otherwise the Appellate Court cannot review the referee's conclusions of law, its peculiar province, and the report of the referee will be set aside as being defective, and the cause remanded.

(The case of *Klutts* v. *McKenzie*, 65 N. C. Rep. 102, cited and approved.)

CIVIL ACTION, tried before KERR, J., at Spring Term, 1876, of WILSON Superior Court, upon exceptions by the plaintiffs to the report of the referee, to whom the case had been referred under the provisions of the Code of Civil Procedure.

Among others, the plaintiffs filed the following exception: " Because the referee finds, as a conclusion of law, that the plaintiffs' cause of action is barred by the Statute of Limitations."

His Honor overruled the exceptions, and the plaintiffs appealed.

Smith & Strong and *Smedes,* for the appellants.
*Busbee & Lusbee,* contra.

RODMAN, J. The duty of a referee under section 246, of Code of Civil Procedure, is to report on all the facts consti-

tuting the grounds of action, or defence. It may not be necessary that he should in all cases state, as found by him, matters which are alleged and admitted by the pleadings. But it is better and more convenient to do so ; for, considering how vague and indefinite pleadings often are, it may be uncertain what facts he assumes to be alleged and admitted by them. He must state his conclusions of fact separately from his conclusions of law. Otherwise, it will be impossible for an Appellate Court, which can review conclusions of law only, to review his conclusions at law. *Kluttz* v. *McKenzie,* 65 N. C. Rep., 102.

It is evident that the report of the referee in this case falls short of the requirement. It does not profess to find even upon all the facts put in issue by the pleadings. Taking only the facts found, no judgment could be given in favor of any party. Nor could this be done with the help of the admissions in the pleadings. Scarce any facts are set forth distinctly. A finding should state positively and definitely the fact found, and not leave to inference what is the precise fact intended to be found. Conclusions of fact and law are not stated separately, thus forbidding a review. For example: the time when the cause of action arose, is a mixed conclusion of fact and law. The referee should have set forth the facts upon which the cause of action arose, and their dates.

A more detailed notice of the report would only exemplify these general propositions, which are sufficiently intelligible without being illustrated by example. It does not appear that either party excepted to the report before the referee, or called his attention to its imperfections, or requested him to correct it by making it more specific. The Code may not *require* this, and we would be reluctant to hold that it does, because such a course would be often inconvenient. But the Code contemplates it, and when it can be done it should be, as it would tend to avoid the return of

irregular and defective reports, and to expedite and cheapen the decision of actions. The omission to except before the referee, will also affect the costs when the report is set aside as defective.

When in a case of omission like this, neither excepts before the referee, both are equally responsible for the defectiveness.

Judgment below is reversed. The report is set aside. The cause is remanded to be proceeded in, &c. Neither party will recover costs in this Court.

Let this opinion be certified.

PER CURIAM.                       Judgment reversed.