A. H. BOYDEN, Ex'r., v. JOSEPH WILLIAMS.

*Practice—Vacating Judgment.*

Where a defendant withdraws a counter-claim to an action and refers it to arbitration, leaving judgment to go against him in the action, he cannot afterwards have the judgment set aside under C. C. P., § 133, on the ground that the plaintiff is fraudulently obstructing the execution of the reference and does not intend to carry it into effect.

MOTION to set aside a judgment under C. C. P., § 133, heard at Chambers in Charlotte, on the 12th of October, 1878, before *Schenck, J.*

The opinion contains the facts. His Honor refused the motion and the defendant appealed.

*Messrs. J. S. Henderson* and *W. J. Montgomery,* for plaintiff.
*Messrs. J. M. Clement* and *J. M. McCorkle,* for defendant.

SMITH, C. J. This is a motion made and refused to set aside a judgment rendered at spring term, 1878, of Cabarrus superior court under C. C. P., § 133.

No statement of facts accompanies the record, and unless the matter set out in the defendant's affidavit and on which his application rests, taken as true, discloses a case entitling him to relief, we should be compelled to remand the cause in order that the facts deducible from the evidence might be determined, the law arising on which is alone subject to review in this court. Our attention will therefore be directed to the defendant's own statement of the ground of his application.

It appears from the affidavit that in the action pending between the parties, the defendant, Williams, set up a counter-claim and the controversy was confined to that defence. It was then agreed that judgment be rendered for

the amount of the plaintiff's demand and the counter-claim withdrawn, and, with certain admissions relating to it, submitted to arbitrators to be selected by the parties, to determine its validity as an obligation binding the testator's estate; and that whatever sum should be allowed should be applied in payment of a debt due defendant from his co-defendant and in exoneration of the former as surety for the latter, principal in certain outstanding notes.

Judgment was entered with full knowledge and consent of the defendant and in conformity to the agreement. The affidavit charges fraudulent conduct on the part of the plaintiff in obstructing the execution of the reference, and avers a belief that he does not intend to carry it into effect, and for these reasons the court is asked to set aside the judgment.

The Code of Civil Procedure, § 133, declares that " the judge may also in his discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him, though *his* mistake, inadvertence, surprise, or excusable neglect." See the numerous cases on the construction of the act in Tourgee's edition of the Code, with notes.

The defendant's allegations do not bring his case within the meaning and scope of the enactment. The judgment was not taken "through any mistake, inadvertence, surprise, or excusable neglect of his." It was entered up as he intended and agreed it should be done, and with his full knowledge and approbation. The subsequent alleged fraudulent conduct of the plaintiff may, and if true, does entitle him to a remedy, but not to the relief he is now seeking. We therefore sustain the ruling of the court in denying the motion upon the defendant's own showing, and affirm the judgment.

No error.                                    Affirmed.