W. H. KNIGHT, Ex'r., v. C. L. KILLEBREW.

*Trial, exception to Evidence—Action on Receipt—Judgment.*

1. Error cannot be assigned for the rejection of evidence, unless it is distinctly shown what the proposed evidence was, that its relevancy may appear and that a prejudice has arisen from its rejection.

2. A receipt given by the defendant for notes which upon their face are payable to the plaintiff's testator, furnishes evidence of the defendant's agreement to collect the same and account for them.

3. In an action upon such receipt it was held : 1. That the plea of the statute of limitations was no defence, as the notes had not been collected.   2. The judgment for the restoration of the claims, and such sums as the defendant received upon them since the date of the receipt, and an order of reference to ascertain the amount, with interest, was proper.

(*Murphy* v. *Ray,* 72 N. C,, 588; *Whitesides* v. *Twitty,* 8 Ired., 431 ; *Bland* v. *O'Hagan,* 64 N. C., 471; *Street* v. *Bryan,* 65 N. C., 619; *State* v. *Purdie,* 67 N. C., 326; *Earp* v. *Richardson,* 75 N. C., 84; *Moore* v. *Hobbs,* 79 N. C., 535, cited and approved.)

CIVIL ACTION, tried at Fall Term, 1881, of EDGECOMBE Superior Court, before *Gilmer, J.*

The defendant appealed from the judgment below.

*Messrs. Battle & Mordecai,* for plaintiff.
*Messrs. Walter Clark* and *A. W. Haywood,* for defendant.

SMITH, C. J.   The plaintiff, as executor of R. R. Dupree, sues upon the following receipt given by the defendants: Received of R. R. Dupree nine hundred and seventy-two dollars and seventy-six cents in notes against R. R. Williams, bearing interest from date, the 4th day of January, 1876, (signed by G. L. Killebrew, and dated Feb'y 26th, 1876), and alleges that the defendant undertook to collect and account for the claims; that the debtor was solvent and the notes have been or could have been collected, and that upon demand of the plaintiff the defendant has refused and failed to account therefor, or to pay any money to him.   In his answer the defendant admits his executing the written instrument, the demand, and refusal alleged; denies (repeating the very words of the complaint) "that the said notes were delivered to him with the understanding, expressed or implied, that he should collect the same and account for the proceeds, either to the said R. R. Dupree, during his life-time, or at his death to his personal representative; and sets up, as a defence, that the plaintiff ought not to have or maintain his action aforesaid against him, because plaintiff's cause of action, on the claim alleged in said complaint, did not accrue within three years next preceding the issuing of the summons in the cause by the plaintiff, and his right of action aforesaid is barred."

The cause was heard by consent before the judge without a jury, and it was conceded that the notes mentioned in the receipt were drawn payable to the testator, while the defendant denied that an accountable agency was thus constituted for their collection.

On the trial the defendant offered himself for examina-

tion, as we must infer from the reason given by His Honor for its exclusion (for the proposed evidence is not stated), to prove facts attending the transaction and connected with the execution of the writing, but was not permitted to testify under the inhibition of section 343 of the Code.

It is not necessary to decide the point whether the introduction of the receipt in evidence, as the declaration of the defendant in regard to a transaction or communication between the parties, opens the door for the explanatory testimony of the defendant under the concluding and exempting clause of the proviso, and the construction of its terms, intimated by BYNUM, J., in *Murphy* v. *Ray*, 73 N. C., 588, since it is a sufficient answer to the objection that it does not appear what the rejected evidence was, and we cannot see that it was at all pertinent or material. It is a settled rule that error cannot be assigned in the ruling out of evidence unless it is distinctly shown " what the evidence was in order that its relevancy may appear, and that a prejudice has arisen from its rejection." *Whitesides* v. *Twitty*, 8 Ired., 431 ; *Bland* v. *O'Hagan*, 64 N. C., 471 ; *Street* v. *Bryan*, 65 N. C., 619 ; *State* v. *Purdie*, 67 N. C., 326.

We agree with His Honor that the defendant's written acknowledgment in connection with the fact that the notes were upon their face payable to the testator, and therefore *prima facie* his property, furnishes evidence of the obligation assumed by the defendant when they were placed in his hands.

The defendant further relies upon the bar of the statute of limitations. This defence would be available if the notes had been collected and the demand for the money made more than three years before the action was commenced, since the demand would put the statute in motion. The answer does not contain any statement of facts upon which the validity of the defence rests, as in the case of all pleadngs is contemplated by the Code, but makes an averment

KNIGHT *v.* KILLEBREW.

of a general principle of law, which must arise upon facts stated or found. *Earp* v. *Richardson*, 75 N. C., 84; *Moore* v. *Hobbs*, 79 N. C., 535. But waiving exception to the imperfect manner of setting up the defence, the recital in the case prepared and signed by counsel—" no demand being made more than three years prior to the issuing of the summons," while a demand is averred and admitted to have been made, implies necessarily that it was within that interval, and the fact, in the absence of any indication of a different time, must be so assumed from the record. This conclusion is confirmed by the absence of this, from the enumerated exceptions to the judgment rendered.

These exceptions we will now briefly revert to and dispose of, confining our attention to the two which grow out of the adjudication and have not already been considered.

1. The allowance of interest on the amount when part only of the claims has been collected; and,

2. The rendition of judgment for money when it should have been for the return of the notes.

The judgment upon examination will be found to warrant neither exception. It declares that the " defendant is liable to the plaintiff as executor of R. R. Dupree for the *amount received by said defendant* on said notes since the date of said receipts," that is, upon his undertaking, for the sums collected, and no more. And further, that he " is entitled to such part of said notes as have not been collected by defendant," or in other words, to the restoration of the uncollected claims. To ascertain these facts the order of reference is made, and the referee directed to compute the interest. Should the report charge interest in excess of what is due, it is open to correction when made, and the order is not conclusive, nor does it prejudge the time from which it is to be computed. There is no error and the judgment is affirmed. This will be certified for further proceedings in the court below.

No error.                                        Affirmed.