STATE v. GEORGE McNAIR.

*Indictment—Rape—Evidence—Practice.*

1. Declarations of the prisoner made after the commission of the alleged offence, are not admissible as evidence for him unless they form part of the *res gestæ*.

2. To support an exception to the exclusion of testimony, the testimony rejected should be stated so that it may appear to be relevant.

3. The prisoner set up as a defence that he was under fourteen years of age when the alleged offence was committed. Upon this point there was conflict of evidence. *Held*, 1st, that the burthen of proof as to his age was on the pris-

STATE *v.* McNAIR.

oner; 2nd, that it was competent for the jury to look at the prisoner, and draw reasonable inferences as to his age from his appearance and growth.

4. If the Judge make a slip in a remark made in the presence of the jury, it is competent for him to correct it afterwards by proper instructions to them.

(*State* v. *Tilly*, 3 Ired., 424; *State* v. *Hildreth*, 9 Ired., 440; *State* v. *Huntly*, 3 Ired., 418; *State* v. *Vann*, 82 N. C., 631; *State* v. *Reitz*, 83 N. C., 634; *State* v. *Brandon*, 8 Jones, 463; *State* v. *Patterson*, 63 N. C., 520; *State* v. *Worthington*, 64 N. C., 594; *State* v. *Dula*, Phil., 437; *Street* v. *Bryan*, 65 N. C., 619; *Knight* v. *Killebrew*, 86 N. C., 400; *McAllister* v. *McAllister*, 12 Ired., 184; *State* v. *May*, 4 Dev., 328; *State* v. *Davis*, 4 Dev., 612; *State* v. *Arnold*, 13 Ired., 184, cited and approved).

This was an indictment for Rape, tried before *Gudger, Judge,* and a jury, at Spring Term, 1885, of the Superior Court of ONSLOW county.

The jury returned a verdict of guilty, and the Court gave judgment thereon against the prisoner, from which he appealed.

The case is stated in the opinion of the Court.

*Attorney General,* for the State.

No counsel for the defendant.

SMITH, C. J. The prisoner is charged with having committed a rape upon the body of Lizzie A. Edins, in an indictment containing two counts, the one being silent as to her age, the other alleging it to be under ten years. Upon the plea of not guilty, the prisoner was put on trial before a jury, at Spring Term, 1885, of Onslow Superior Court, and convicted of the offence. Thereupon, sentence of death being pronounced, the prisoner appeals to this Court. The record discloses two exceptions to the rulings of the Court, which we are required to review and determine.

1. The prisoner's counsel proposed to prove what was said by the prisoner to the officer, who made the arrest, in reference to the imputed crime. There had been no charge made against him by the arresting officer, nor had the State shown any communication between them, or between the prisoner and any one else on the subject. The evidence, on objection from the Solicitor, was

disallowed as incompetent, and the prisoner excepted. Similar evidence was afterwards offered, and upon the same grounds rejected.

It is settled by repeated adjudications, that declarations of a prisoner, made after the criminal act has been committed, in excuse or explanation, at his own instance, will not be received ; and they are competent only when they accompany and constitute part of the *res gestæ.*

"As evidence," remarks RUFFIN, C. J., "what a party says, is received against him, not for him. It does not prove the truth to be as related; and the truth is the subject of inquiry before the jury. It does not matter that the account is not a recent one, but was given early after the transaction. Unless the declarations form a part of the transaction, they are not receivable in evidence." *State* v. *Tilly,* 3 Ired, 424; *State* v. *Hildreth,* 9 Ired., 440. To the same effect are *State* v. *Huntley,* 3 Ired., 418; *State* v. *Vann,* 82 N. C., 632; *State* v. *Reitz,* 83 N. C., 634; *State* v. *Brandon,* 8 Jones, 463.

There are no repugnant rulings to be found in *State* v. *Patterson,* 63 N. C., 520, and *State* v. *Worthington,* 64 N. C., 594. These cases simply decide that where a person is charged with an offence, and this is produced as evidence against him, the accused has a right to have what he said in response to the charge, heard by the jury in repelling the inference of admitted guilt.

But it is not shown what the declarations proposed to be proved were, so that it cannot be seen that they were at all relevant to the issue, and that there is error in the rejection. To sustain the exception this should be made to appear. *State* v. *Dula,* Phil., 437; *State* v. *Worthington, supra; Street* v. *Bryan,* 65 N. C., 619; *Knight* v. *Killebrew,* 86 N. C., 400, and cases there cited.

II. The prisoner set up as defence, that he was under fourteen years of age at the time of the alleged criminal act, and testimony was offered upon this issue, the mother of the prisoner rendering it somewhat uncertain whether he was of that age, and

a number of witnesses for the State placing it at about seventeen years.

In instructing the jury upon this part of the defence, the Court used this language: "It is for you to say whether he is under fourteen years of age or not, being, as you see him before you, grown to the stature of manhood." Upon a suggestion from the Solicitor that the remark might be misconstrued, as intimating an opinion as to the prisoner's age, the Court, not conceding that what was said was susceptible of such a construction, recalled the jury, as they were retiring, and said to them: " What the Court said to them in reference to the size and appearance of the prisoner, was not to be taken by them as indicating the opinion of the Court as to the prisoner's age, but that they had a right to consider his size and appearance to aid them in coming to a conclusion as to his age."

To this charge and action of the Court, exception was taken by the prisoner.

If the language first employed was obnoxious as the intimation of an opinion upon a disputed fact, and we do not admit that it was, the objection is removed by the subsequent explanatory statement made before the jury entered upon their deliberations. This was a prudent and proper course on the part of the presiding Judge.

"It is undoubtedly proper and in the power of the Court," observes RUFFIN, C. J., in *McAllister* v. *McAllister*, 12 Ired., 184, "to correct a slip, by withdrawing improper evidence from the consideration of the jury, or by giving *such explanations of an error* as will prevent it from misleading a jury," citing *State* v. *May*, 4 Dev., 328.

But if the patent fact of the prisoner's full growth was before the jury and beyond dispute, how could there be error in telling the jury what they saw themselves?

In *State* v. *Davis*, 4 Dev., 612, the Court in the charge stated, " that the prosecutor appeared to have given a very fair and candid statement; that he seemed to be a creditable man; but he

added, perhaps I am going too far in speaking thus of the prosecutor and his testimony. You gentlemen are the exclusive judges of such matters. I have no right to express an opinion upon facts of the case, and therefore, you will decide entirely for yourselves what degree of credit you will give the prosecutor, without being at all influenced by any inadvertent remarks of mine." It was held there was no error in the charge, even requiring correction, as the case states that the "prosecutor and principal witness was a respectable man." The Court then, GASTON, J., speaking, discuss the effect of a correction, were such necessary, and say: "We are of opinion that there is a precise analogy between the case in which improper evidence has been received, and an intimation of an opinion upon a question of fact, inadvertently given by the Court. So soon as the mistake is discovered, the Judge should specially instruct the jury wholly to disregard what they ought not to have heard. In either case, if there be reason to believe that the opinion inadvertently given, or the testimony improperly admitted, has biassed the minds and perverted the judgment of the triers, a sufficient cause is furnished, addressed to the *discretion* of the Judge, for setting aside the verdict. But without some such reason, the presumption of law is, that what the Court has withdrawn from the jury, as unworthy of credit and wholly improper for consideration, has in truth been utterly disregarded. Any other presumption cannot be warranted without disrespect to a tribunal, which the nature of our institutions proclaim as having the capacity and probity to decide rightly, where the materials for a correct decision are fairly laid before them. *If, therefore, the Judge had inadvertently expressed an opinion that ought to have been withheld, the complete removal of the opinion, removed also the ground of legal exception to the trial.*" This lucid exposition of the principle, leaves to us nothing to add, and has our cordial approval. Again, it was competent for the jury to look at the prisoner and draw such reasonable inferences as to his youth, as his appearance warranted. Indeed, the burden rested on him to prove his incapacity from non-age to commit the imputed crime.

In *State* v. *Arnold*, 13 Ired., 184, it was insisted for the prisoner charged with homicide, that he was apparently under fourteen years of age, and it was therefore incumbent upon the State to prove that he was over that age, or, if under it, responsible for the act. In answer to this contention, RUFFIN, C. J., thus speaks:

"The objection assumes as a fact that the prisoner appeared to be under fourteen years of age. As there was no proof on this point, it could only be judged of by *inspection*, and, so far as that goes, it must be taken to have been decided against the prisoner, *both by the Court and the jury*. As the subject of direct proof, the *onus was certainly* on the prisoner, as the reputed age of every one is peculiarly within his own knowledge, and also the persons by whom it can be directly proved."

There is no error in the record, and the exceptions were correctly overruled. Let this be certified, to the end that judgment be entered upon the verdict according to law.

No error.                                        Affirmed.