### THE STATE v. JACOB RHYNE.

*Evidence—Competency—Exception to Evidence.*

1. In an indictment for embezzlement, it is not competent for the defendant, on cross-examination of a witness who had testified that when he left the store there was a two dollar bill in the drawer and that when he returned it was gone, to ask the witness if he told the defendant of the loss, and what was his explanation of it, the latter being the defendant's declaration in his own interest and not a part of the *res gestœ.*

2. A statement of the evidence expected to be elicited must accompany an exception to the refusal to admit it.

INDICTMENT for embezzlement under § 1014 of *The Code,* tried before *Graves, J.,* at Fall Term, 1891, of GASTON Superior Court.

The facts are stated in the opinion.

*The Attorney General,* for the State.
*Mr. G. F. Bason,* for defendant.

CLARK, J.: The State offered as a witness a clerk in the store of the prosecutors, who testified that on one occasion, when he went to dinner, there was a two dollar bill in the cash drawer; that when he left the store the defendant was the only clerk left there, and that when witness returned from dinner the two dollar bill was gone. On cross-examination, this witness was asked if he inquired of defendant upon his return to the store what had become of the two dollar bill, and if defendant gave any explanation. The evidence on objection was ruled out, and defendant excepted. There was much other evidence not objected to.

If the State had brought out that the defendant was accused of the crime, it would have been competent for the defendant to have rebutted the implied admission of guilt

which might have been argued from his silence by giving
his reply. *State* v. *Patterson*, 63 N. C., 520; *State* v. *Worth-
ington*, 64 N. C., 594.   But it was certainly not competent for
the defendant to give in evidence the fact that he was so
charged, for the purpose of giving his unsworn declarations
when they were no part of the *res gestæ.   State* v. *Scott*, 8
N. C., 24; *State* v. *Hildreth*, 31 N. C., 440; *State* v. *Brandon*,
53 N. C., 463; *State* v. *McNair*, 93 N. C., 628.   He could not
thus make testimony for himself.   Had the defendant testi-
fied that the charge was untrue, he could have shown as
corroborative evidence, either by himself or by this witness,
that he made a similar statement when first charged.   *State*
v. *Whitfield*, 92 N. C., 831.   But this evidence is neither
asked to rebut an implied admission from his silence nor as
corroborative evidence.   The objection is further to be sus-
tained on the ground that it is not stated what the defendant
expected to show by the enquiry, and it does not therefore
appear that he was injured by his exclusion.   *Knight* v. *Kil-
lebrew*, 86 N. C., 400, and cases there cited.   The other excep-
tion was abandoned on the argument.

   *Per curiam.*                            No error.