P. A. CUMMINGS, Executor of J. L. Henry, v. VIRGINIA B. SWEP-
SON, Executrix of George W. Swepson.

(Decided May 5, 1899).

*Referee's Report—Discretion and Power of the Judge--The
Code, Sections 422 and 423.*

1. The Judge, in his discretion may set aside a reference after the
report is filed, and proceed and try the case.
2. The Court retains the cause and its jurisdiction in every case of
reference, with power to review and reverse the conclusions of
law of the referee; and a discretion to modify or set aside the
report, and its ruling in the latter respect is not reviewable
unless it appears that such discretion has been abused.

CIVIL ACTION to enforce a contract for payment of money
alleged to be due to the testator of plaintiff from testator of
defendant, instituted on November 20, 1886, in the Superior
Court of BUNCOMBE County. The cause was referred at
March Term, 1898, to George F. Bason, Esq.—his findings of
fact to be conclusive and final, but his conclusions of law upon
the facts, to be reviewable, on exception, by the Court. The
report to be made at next Term or earlier if practicable. The
order of reference was made by his Honor, *Judge Hoke,* with
consent of both parties entered of record. The report of
referee was filed at August Term, 1898, and is as follows:

REPORT OF REFEREE.

This cause coming on to be heard before me as referee
at the Court House in Asheville, on the 9th day of August,
1898, according to the notice heretofore given, and being
adjourned to the office of Moore & Moore, in Asheville, the

plaintiff announced that he was not ready to proceed with the hearing of the cause, and thereupon consents to nonsuit— all of which is respectfully submitted.

GEO. F. BASON,
Referee.

The report was excepted to by plaintiff, who moved to set it aside, and the motion came on to be heard upon affidavits filed before Starbuck, J., at August Term, 1898, of said Court.

The defendant moved for a confirmation of the report.

The Court, after finding the facts, passed the following order:

This cause coming on for hearing upon the report of Geo. F. Bason, referee, filed to August Term, 1898, and upon the exceptions thereto filed by plaintiff and being heard.

The defendant moves that judgment of nonsuit be entered against the plaintiff, insisting that the report shows a nonsuit taken before referee, and this motion is refused, and defendant excepts.

And it is ordered and adjudged upon facts found and in discretion of the Court that he plaintiff be and he is hereby released and relieved from his consent to nonsuit, and that the cause be and it is hereby remanded to said referee to be by him further proceeded with under the original order of reference herein, and that he make due report to the next term of this Court.

It is further ordered that judgment be and it is hereby entered against the plaintiff as executor of J. L. Henry, deceased, for the costs of this action accruing from August Term, 1898, to and including the present term of this Court to be taxed by the clerk.

It is agreed by the plaintiff that a trial before said referee may be had before the next term of this Court.

H. R. STARBUCK,
*Judge Presiding.*

The defendant duly excepted to the order of the Court.

1. For that the Court has no power to exercise a discretion to set aside the nonsuit which she insists was taken before the referee.

2. For that the Court did not give judgment upon the nonsuit taken by the plaintiff before the referee, and for costs.

The defendant appealed from the order made by the Court to the Supreme Court.

The Court found the following facts:

1. That during the months of April and May, 1898, immediately following the termination of the term of this Court at which said order of reference was made, it was inconvenient to the counsel upon either and both sides to go into the reference, because of the courts in other counties in which they were interested, and because of the Supreme Court and the Circuit Court of Appeals, and that no request was made to the referee by either side during said months for a hearing in said cause before him.

2. That during the month of June, 1898, it was inconvenient to the counsel for the defendant herein to go into the trial of said cause before the referee because of previous engagements, especially the engagement of Judge Burwell, one of the counsel, as referee in the case known as the Tate-Cochran Linville Improvement Company case, which he was hearing as referee at Linville, N. C., and in which Mr. Chas. A. Moore, another of the counsel for defendant, was engaged as counsel, and Mr. P. D. Walker, another of the counsel for defendant, was a partner of Judge Burwell, and was required

to be in Charlotte, and also because of a term of the Superior Court of Mecklenburg County, which was held during said month of June.

3. That during said months of April, May and June, no notice was issued by the said referee for the hearing of said case, nor effort made by any one to have the same heard.

4. That the month of July was practically all consumed by a five weeks' special term of the Superior Court of Buncombe County, held by his Honor, *W. A. Hoke, J.,* which extended into August, closing during the week beginning the 8th day of August, 1898, and the next regular term of said Superior Court was to begin and did begin on the 15th day of the same month, lasting three weeks.

5. That on the —— day of July, 1898, the referee, against the protest of the counsel for the plaintiff, and at the request of the counsel for the defendant, fixed the 9th day of August, 1898, as the time for hearing the said reference, upon which notice, while service was accepted, it was done under protest, and with the express reservation to resist trial at that time, and of this counsel for defendant were fully notified. And at the time appointed on said 9th day of August, 1898, at 10 o'clock a. m., the said special term of the Superior Court of Buncombe County was still in session, and Messrs. T. H. Cobb and C. A. Webb, who were the only counsel for the plaintiff herein, were still engaged in their duties as practicing attorneys in said Superior Court, which was their home court, and in which both of them had full practice, and the referee thereupon adjourned the case from 10 o'clock in the morning until about 4 o'clock in the afternoon, to the office of Messrs. Moore & Moore, when Messrs. Webb and Cobb were present, as were also present Mr. P. D. Walker, of the firm of Burwell, Walker & Cansler, and Messrs. Moore & Moore, and when Messrs. Cobb and Webb asked a continuance, stating to

the referee the facts substantially which are hereinbefore found as facts in this case, and filing the affidavits which as exhibits accompany the affidavits of the plaintiff as part of his exceptions which are hereinbefore referred to, and accompany this case as a part of it, and also stating in substance all the facts which are embodied in the affidavit of said P. A. Cummings, plaintiff, which is filed as a part of the exceptions hereto, and which accompany this case as a part hereof, as their grounds for asking a continuance, and urged further that inasmuch as they were just concluding a five weeks' special term of the Superior Court, and beginning an additional three weeks' regular term thereof, it would do grave injustice their client in his absence to force them into a trial at that time.

6. The Court further finds as a fact that the statements contained in the said affidavit of P. A. Cummings relative to his non-attendance before the referee and his absence from the State are true. The referee ruled that plaintiff was not entitled to a continuance and required the plaintiff to proceed with the case, when his counsel stated that under the circumstances it was impossible for them to do so, in justice to their client, and that they were therefore driven to consent to a nonsuit, and the referee thereupon reported as is shown by his report.

Upon the foregoing facts and in the exercise of its discretion, the Court rendered the judgment which will be found in the papers, and accompanies this case as a part of it, re-referring the said case to said referee, to be further proceeded with according to the original order of reference, and upon the terms stated in said order, to-wit, requiring the plaintiff to pay the cost accruing from the said August Term, 1898, to and including the March Term, 1899, of said Court, and also requiring the agreement of the plaintiff that a trial

CUMMINGS v. SWEPSON.

may be had before said referee before the next term of this Court.

Messrs. *Moore & Moore; Shepherd & Busbee,* and *Burwell, Walker & Cansler,* for appellant.
Messrs. *J. W. Summers* and *T. H. Cobb,* for appellee.

FAIRCLOTH, C. J.    This action was referred by consent, and on the trial day the plaintiff made affidavit that he could not try, stating his reasons.    The referee required him to proceed to trial, and the plaintiff's counsel stated that in justice to his client he was driven to consent to a nonsuit. The referee filed his report, and the defendant made a motion that judgment of nonsuit be entered by his Honor, which was refused.

His Honor, upon the facts found in the exercise of his discretion, ordered that the plaintiff be relieved from his consent to nonsuit before the referee, and that the cause be remanded to the referee to proceed according to the original order.

Defendant's exception is that the Court had no power to set aside the nonsuit entered before the referee, and relies upon *Boyden v. Williams,* 80 N. C., 95, and *Twitty v. Logan,* 86 N. C., 712.    Each of those cases involved a question of excusable neglect in allowing judgments to be entered at a term of the Court.    The law of those cases has no application to the facts in the present case.    It is a first principle that the law must fit the facts.

The powers and duties of a referee are found in The Code, Section 422, and *Jones v. Beaman,* 117 N. C., 259.    The Code, Section 423, provides that the referee shall make his report to the Court in which the action is pending, and "either party may move the judge to review such report and set aside, modify or confirm the same in whole or in part, and no judg-

ment shall be entered on any reference except by order of the judge."

In *Boushea v. Surles,* 79 N. C., 51, it was held not to be error when the judge in his discretion sets aside the reference after the report was filed, and proceeded and tried the case. See also *Earp v. Richardson,* 75 N. C., 84.

Upon Section 423 of The Code, and these authorities, we can have no doubt of the power of the Judge to make the orders set out in the record, and above stated. The Court retains the cause and its jurisdiction in every case of reference, with power to review and reverse the conclusions of law of the referee, and a discretion to modify or set aside the report, and his ruling in the latter respect is not reviewable unless it appears that such discretion has been abused.

Affirmed.