EMMA J. STOUT, ADMINISTRATRIX, *v.* THE VALLE CRUCIS, SHAW-NEEHAW AND ELK PARK TURNPIKE COMPANY.

(Filed 6 December, 1911.)

**Appeal and Error—Lower Court—Presumption of Correctness of Ruling—Exceptions to Questions Ruled Out—Prejudice.**

One appealing from an exception to the action of the lower court in excluding a question asked of a witness must show that he has been prejudiced thereby, the presumption being in favor of the correctness of the ruling in the lower court; and when this does not appear of record the exception cannot be sustained. *Watts v. Warren,* 108 N. C., 517, cited and distinguished.

APPEAL from *Long, J.,* at Spring Term, 1911, of WATAUGA.

This is an action to recover damages for the death of the plaintiff's intestate, caused, as it is alleged, by the negligence of the defendant.

The facts, showing the nature of the controversy, are fully stated in the opinion on the former appeal in the action, reported in 153 N. C., 514.

The jury rendered the following verdict:

1. Was the death of plaintiff's intestate, W. A. Stout, caused by the negligence of the defendants, as alleged in the complaint? Answer: Yes.

2. Did plaintiff's intestate, W. A. Stout, contribute by his negligence to his own injury? Answer: No.

3. What amount of damages, if any, is plaintiff entitled to recover of the defendant? Answer: $2,100.

Judgment was rendered in accordance with the verdict, and the defendant excepted and appealed.

A. E. Norman, a witness for the plaintiff, testified: "I was at home the night Stout was killed. Heard of the injury just after midnight. Found deceased under the fill, leaning against a log, holding his broken knee. Leg broken twice; bruised between his hips; taken to my house; conscious when he got to my house; remained conscious for twenty-four hours, then became speechless and unconscious."

On cross-examination, he was asked: "Did you hear the deceased make any statement as to what happened immediately before he went off the road?" Objection by the plaintiff; sustained; defendant excepts.

This is the only exception appearing in the record.

*T. A. Love and F. A. Linney for plaintiff.*
*L. D. Lowe and Edmund Jones for defendant.*

ALLEN, J. The exception of the defendant cannot be sustained. There is a presumption in favor of the correctness of the ruling of his Honor, and it is incumbent on the defendant to show that it was erroneous and prejudicial, which it has not done.

We cannot see from the record that the witness heard the deceased make any statement, or, if one was made, its materiality

does not appear, and if a new trial should be ordered, the question might be answered in the negative.

In *Knight v. Killebrew,* 86 N. C., 402, the Court says: "It is a settled rule that error cannot be assigned in the ruling out of evidence, unless it is distinctly shown what the evidence was, in order that its relevancy may appear, and that a prejudice has arisen from its rejection," citing *Whitesides v. Twitty,* 30 N. C., 431; *Bland v. O'Hagan,* 64 N. C., 471; *Street v. Bryan,* 65 N. C., 619, and *S. v. Purdie,* 67 N. C., 326. This ruling has been approved many times. *Sumner v. Chandler,* 92 N. C., 634; *S. v. McNair,* 93 N. C., 628; *S. v. Rhyne,* 109 N. C., 794; *Baker v. R. R.,* 144 N. C., 40.

The case of *Watts v. Warren,* 108 N. C., 517, relied on by the defendant, cites *Knight v. Killebrew* with approval, but holds that, under the facts there appearing, the question indicated clearly the evidence excluded.

The action was a creditor's bill against an administrator, to compel an accounting and settlement, and to set aside an assignment to the defendant of a policy of insurance on the life of the intestate.

"There was evidence tending to prove that the intestate and the defendant administrator were executors of their deceased father's will, and that the intestate in his lifetime had used very considerable sums of money—how much did not definitely appear—that belonged to legatees of the will, and that the defendant W. A. Warren had paid, and had to pay, the same, etc., and that such payments constituted part of the consideration paid by him for the policy of insurance."

The defendant was then examined in his own behalf, and was asked: "What payments have you made to other persons than J. B. Warren, in consideration of that assignment?"

Having offered evidence that he had paid considerable sums to the legatees, without being able to show definitely the amounts, it was reasonable to infer from the question that he would state the payments made, if allowed to answer.

The defendant does not come within this exception.

There is

No error.