MARTHA GIBSON ET ALS. v. STEPHEN TERRY.

(Filed 4 December, 1918.)

1. **Appeal and Error—Objections and Exceptions—Evidence—Ground of Exception—Statement by Court.**

    Upon the trial of an action to recover lands, there was evidence that the father of the plaintiffs, A., and the defendant, S., took the lands by devise from their father, with provisions that they should care for their mother

until her death; that A. moved West after the death of his father, and that S. remained with his mother until her death. S. offered to show by his witness the declarations of A. before he moved away, which were excluded by the judge, under his statement that they were incompetent if for the purpose of proving a conveyance of the land: *Held*, the evidence for that purpose was incompetent, and it devolved upon the defendant to state any other ground upon which he had offered it, if any he had, for his exception to have consideration thereon.

2. **Appeal and Error—Objections and Exceptions—Unanswered Questions—Record.**

Exception to the exclusion of questions asked a witness upon the trial must show, in some proper way, the relevancy and bearing the expected answers would have on the controversy, so that the Supreme Court may determine whether the appellant has been prejudiced, or the exception will not be considered.

3. **Limitation of Actions — Title — Adverse Possession—Tax Lists—Admissions—Evidence.**

The original tax list offered on defendant's cross-examination, over his signature, which fact he admitted, showing that the land in controversy had been listed by him in the name of plaintiff's ancestor, under whom they claim, within a shorter period than twenty years, is evidence against the defendant's claim of title by adverse possession for the twenty-year period.

PETITION for partition, in which defendant pleaded sole seisin, tried before *Adams, J.,* at September Term, 1918, of RICHMOND.

The only issue submitted or tendered is as follows: Is plaintiff's cause of action barred by the statutes of limitation? Answer: "No."

*A. R. McPhail and W. R. Jones for plaintiffs.*
*L. Medlin and Bynum & Thomas for defendant.*

BROWN, J. The land described in the complaint was devised by Champ G. Terry to his two sons, A. T. Terry and Stephen Terry. The will contained the "further proviso that my sons, A. T. and Stephen Terry, shall take good care and provision for my beloved wife, Eliza A. Terry, during her natural life."

The defendant pleads that he has been in the actual and adverse possession of the entire land for more than twenty years.

There is evidence that A. T. Terry removed to the West shortly after death of his father in October, 1893, and that Stephen Terry continued to reside on the land and cultivate it, and that his mother, Eliza Terry, resided with him until her death in 1904. A. T. Terry died intestate 16 June, 1917, leaving the plaintiffs and Stephen Terry as his heirs at law.

The defendant asked the following question of witness C. B. Terry:

Q. State whether Mr. A. T. Terry told you, after the death of his father and before he left for the West, what he had done with his interest in this land—whether he told you he had given his interest in this land for Mr. Stephen Terry to take care of his mother?

Objection by plaintiffs; sustained. (The court stating that if · the purpose of the question was to prove conveyance of land, the same was incompetent. The defendant stated no other purpose and the objection was sustained.) Defendant excepts.

This exception cannot be sustained. It was defendant's duty after leaving the statement of the judge to state for what purpose he asked the question. It is incompetent for the purpose of proving a conveyance of land as stated by the court. If the purpose of the question was to elicit evidence tending to prove adverse possession defendant should have so explained in response to the court.

There is another reason why the exception cannot be sustained. While the question indicates what the defendant was endeavoring to prove, it does not appear in the case on appeal what the witness would have testi-fied to. He might have answered "Yes" or "No."

In *Knight v. Killbrew,* 86 N. C., 402, the Court says: "It is a settled rule that error cannot be assigned in the ruling out of evidence unless it is distinctly shown what the evidence was in order that its relevancy may appear, and that a prejudice has arisen from its rejection." This is cited with approval by *Justice Allen* in *Stout v. Turnpike Co.,* 157 N. C., 367.

It should have been stated in making up the case on appeal what the witness would have testified to if permitted to answer the question.

Plaintiffs offer original return of tax records identified by Stephen Terry in his cross-examination. Objection by defendant; overruled; defendant excepts.

Tax records are as follows:

Tax list of Stephen Terry—Postoffice: Ellerbe, N. C. Township: Mineral Springs. Number of acres: 46½. Description: Gibson Mills; value, $223. Also shows personal property listed. Duly verified, usual form, before R. L. Thomas, list taker, 9 May, 1917. (Signed) Stephen Terry.

Tax list of A. T. Terry—Postoffice: Donville, Miss. Township: Mineral Springs. Address of agent to whom notice may be given: Stephen Terry. Number of acres: 46½. Description: Gibson Mills; value, $223. Duly verified, usual form, before R. L. Thomas, list taker, 9 May, 1917. (Signed) Stephen Terry.

In 1916, 42½ acres listed, each in name of A. T. Terry and Stephen Terry and signed by Stephen Terry, but address of agent to whom notice may be given left blank.

In the complaint the land is described as 93 acres, and "being the same land that was devised to Stephen Terry and A. T. Terry by Champ G. Terry."

In his testimony, the defendant admitted that there was 93 acres in the tract, and testified further: "Yes, it is a fact that I gave in only 46½ acres for myself and 46½ acres for A. T. Terry. Yes, it is a fact that I always gave it in as his, and also gave it in as mine, and paid the taxes and gave it in the same on up through the year 1917."

This evidence, coming from the defendant in person and supported by the original tax lists signed by him, is not only competent, but very powerful if not conclusive evidence that the possession of defendant had never become adverse, but that it was permissive and in recognition of his brother's title.

The remaining assignments of error are without merit and need not be discussed.

No error.