JACK S. DAVIS AND WIFE, MABLE GREER DAVIS v. RALPH G. HALL AND WIFE, BRYMO HALL

No. 8525DC887

(Filed 6 May 1986)

1. **Boundaries § 15.1— referee's findings adopted by court—supported by evidence**

    The court's findings in a boundary dispute adopting a referee's findings were supported by competent evidence where plaintiff's argument that there were discrepancies in the deed descriptions relied upon by the referee and that the testimony of the court appointed surveyor was confused went to the weight of the evidence rather than its sufficiency.

2. **Boundaries § 15.2— refusal to appoint new surveyor and remand to referee—no error**

    The trial court did not err in a boundary dispute by refusing to appoint another surveyor and to remand the matter to the referee where the case was sixteen years old, the case had not been persistently prosecuted by the plaintiffs, and plaintiffs had had ample opportunity to gather and present any evidence they chose.

APPEAL by plaintiffs from *Noble, Judge.* Judgment entered 10 April 1985 in District Court, CALDWELL County. Heard in the Court of Appeals 15 January 1986.

*Ted S. Douglas for plaintiff appellants.*

*Robbins & Flaherty, by David T. Flaherty, Jr., for defendant appellees.*

PHILLIPS, Judge.

This is an action to establish the boundary line between lands owned by the parties. In their pleadings both parties described the dividing line as they contend it is but neither asked for a jury trial. Eventually the court appointed a surveyor to survey the line according to the different contentions of the parties and after the survey was done the court ordered that the single

issue raised be tried by a compulsory reference. In two different hearings held several weeks apart the referee received into evidence the many old deeds in each chain of title and several survey maps, as well as testimony from the plaintiff Jack S. Davis, two local surveyors that surveyed plaintiffs' land at one time or another, and a surveyor employed by the company that did the court-appointed survey. In his report the referee found that plaintiffs had failed to establish their claim by the greater weight of the evidence, as they had the burden to do, and concluded that the true dividing line between the lands of the parties is the line that defendants rely upon. Plaintiffs excepted to the report generally and requested that the court appoint another surveyor to survey the line and remand the matter to the referee for further findings; but they submitted no issues for determination and made no request for a jury trial on them, thereby waiving their right to a jury trial if they still had one. Rule 53(b)(2), N.C. Rules of Civil Procedure. Upon hearing plaintiffs' exceptions and request the trial judge denied them, made findings and conclusions similar to those of the referee, and entered judgment for the defendants.

[1] The findings of fact of a referee approved by the trial judge must be sustained on appeal if they are supported by any competent evidence. *Anderson v. McRae*, 211 N.C. 197, 189 S.E. 639 (1937); *Cummings v. Swepson*, 124 N.C. 579, 32 S.E. 966 (1899). In appeals of this kind we do not weigh the evidence and determine whether the findings of fact are correct, as weighing evidence is the duty and function of the finder; our duty is merely to determine if the record contains competent evidence to support the finder's findings. *Kenney v. Balsam Hotel Co.*, 194 N.C. 44, 138 S.E. 349 (1927). Here, the record does contain competent evidence which supports the judge's findings and we affirm the judgment appealed from. Indeed, plaintiffs do not really argue in their brief that the findings are not so supported. Of the several exceptions taken to the court's findings only one is based upon insufficiency of evidence and the brief contains no argument that that or any other finding is not supported by some competent evidence. Instead, plaintiffs argue that there were discrepancies in the deed descriptions relied upon by the referee and judge and that the testimony of the court-appointed surveyor indicates that he was confused and his testimony should not be relied upon. These argu-

ments go to the weight of the evidence, rather than its sufficiency, and we reject them.

[2] The plaintiffs also assign as error the court's refusal to appoint another surveyor and remand the matter to the referee for further hearings. This ruling is not erroneous and we affirm it. Without reciting all the melancholy details that led to the present day, we note that this is a relatively simple, one issue case that should have been ended long ago. It was filed more than sixteen years ago and though nearly half of that period went by before the reference was ordered, the case's course thereafter almost proves the truth of the old courthouse saw that the best, though not the quickest, way to kill a live lawsuit is to refer it. For after the referee was appointed another three and one-half years went by before any hearing was held, and after the referee's report was eventually filed a like period expired before a hearing on plaintiffs' exceptions was had. Though most of this appalling delay is not attributable to the plaintiffs — the dilatoriness of the defendants, the surveyor, and the referee all contributed to it, and a small part was due to illness, conflicting schedules and other unavoidable causes — the record nevertheless leaves no room for doubt that the case was not persistently prosecuted by the plaintiffs and that during the long period that passed before the referee's hearings were concluded they had ample opportunity to gather and present any evidence they chose, and that no good reason now exists for postponing the demise of this aged case to a later time.

Affirmed.

Chief Judge HEDRICK and Judge JOHNSON concur.