JOSEPH LIVINGSTON v. COLUMBUS DUNLAP.

*Evidence—Trial—Appeal—Assignment of Error*

1. The admission of immaterial evidence will not be sufficient to warrant a new trial, unless from its nature it is calculated to and may have misled the jury.

2. It is incumbent on the appellant to show that by the reception of immaterial evidence he was probably prejudiced.

This is a CIVIL ACTION, which was tried before *Graves, J.,* at Spring Term, 1886, of HENDERSON Superior Court.

This is an action brought to recover the land described in the complaint. The pleadings raised issues of fact. On the trial the plaintiff introduced evidence for the purpose

of proving a continuous chain of title consisting of numerous *mesne* conveyances from the State to them. In the course of the examination of a witness for this purpose, the defendant objected to the admission of certain testimony in respect to the location of a particular grant from the State, which the plaintiff proposed to elicit from him. The Court overruled the objection, admitted the evidence and the defendant excepted.

The Court in its instructions to the jury told them that the plaintiff had failed to show a perfect chain of title; that a material *mesne* conveyance was missing; that the location of the grant referred to was immaterial, and that the evidence of the witness objected to, was likewise immaterial, and the plaintiffs could only rely upon the evidence that went to prove a continuous possession of the land up to known and visible lines and boundaries under color of title for seven years, &c. There was a verdict and judgment for the plaintiffs, and the defendant appealed to this Court.

*Messrs. S. V. Pickens* (by brief) and *Theo. F. Davidson*, for the plaintiff.

No counsel for the defendant.

MERRIMON, J., (after stating the case). The Court instructed the jury explicitly that the evidence objected to and the grant to which it referred, turned out in the course of the trial to be immaterial, and that the plaintiffs could recover, if at all, upon an entirely different kind of title, of which there was appropriate evidence. The jury were thus cautioned against the immaterial evidence. It did not in its nature and application tend to mislead them, nor did it in fact so far as appears. If it did so in fact, the appellant should have made this appear in some way.

The admission of immaterial evidence is not always ground for a new trial, even when objected to; it is so only when it

is such as may from its nature or application, or both, have the effect to mislead the jury. If it is simply immaterial, the party complaining must show that he probably suffered prejudice by it. It would be trifling with serious matters to set aside verdicts and grant new trials because of the admission of evidence on the trial that could not or did not prejudice the losing party. It may be added, however, that the Courts should, as far as practicable, exclude such evidence.

Affirmed.