THE STATE v. E. W. STUBBS.

*Fornication and Adultery—Evidence—Indictment.*

1. The declarations of a party made after the commission of the offence with which he is charged, not *res gestœ*, are incompetent as evidence for him.

2. The rejection of evidence cumulative in its nature, and of slight importance, will not constitute ground for a new trial.

3. Evidence of the conduct of persons indicted for fornication and adultery, since the institution of the prosecution, may be received in explanation of their relations prior to the time of the finding of the bill.

4. An indictment for fornication and adultery which did not charge that defendants did "lewdly and lasciviously associate," etc., but does charge that they "unlawfully did associate, bed and cohabit together, and did, then and there, commit fornication and adultery," sufficiently describes the offence.

APPEAL from CATAWBA Superior Court, Fall Term, 1890, *Armfield, J.,* presiding.

The defendant, and a *feme* defendant, who did not appeal, were indicted for the offence of fornication and adultery, and pleaded not guilty. There was a trial and verdict of guilty, and judgment thereon, from which the male defendant appealed to this Court.

*The Attorney General,* for the State.
No counsel for defendant.

MERRIMON, C. J.: The *feme* defendant, on the cross-examination of a witness for the State, asked the latter whether, on

some occasion while she was in possession of property of the male defendant, and before the indictment, she had not told the witness that her brother had driven her from home, and that her father had paid the male defendant, who had married her cousin, to take her on his farm as a work-hand?

The question had reference to declarations of the *feme* defendant made after the offence charged in the indictment. The evidence, if material, was properly rejected. What a party says exculpatory of himself after the offence was committed, and not part of the *res gestæ*, is not evidence for him. Otherwise he might make evidence for himself. *State* v. *McNair*, 93 N. C., 628, and cases there cited; *State* v. *Ward*, 103 N. C., 419; *State* v. *Moore*, 104 N. C., 744.

The appellant testified in his own behalf, and was asked if he had not heard the *feme* defendant's father order her to leave his house, and if he had not seen letters from her father and brother declaring she could not stay at her father's house. Upon objection, the Court excluded reference to the letters. The evidence seems to have been of slight importance, and the mere mention of letters was simply cumulative, if evidence at all. The exclusion complained of was, in any view of it, too slight to constitute ground for a new trial. *Whitehurst* v. *Hyman*, 90 N. C., 487; *McGowan* v. *Railroad*, 95 N. C., 417; *Livingston* v. *Dunlap*, 99. N. C., 268.

The State produced evidence tending to show that the defendants had been seen driving together since the prosecution began, and this was received in connection with other evidence going to show their lascivious association within two years next before this action began. As to this evidence the Court instructed the jury "that they could only find the defendants guilty upon proof of this association—bedding and cohabiting with each other within two years next before the finding of the bill of indictment—but that the evidence offered of acts before that time, and also acts after finding of the bill of indictment, should be considered by them as

explaining the relation of the parties within the two years preceding the finding of the bill." This is assigned as error. The objection is unfounded. The evidence objected to was received in connection with other pertinent evidence, and as tending in some degree to prove the adulterous character of the association of the parties. *State* v. *Guest,* 100 N. C., 410; *State* v. *Wheeler,* 104 N. C., 893.

The motion in arrest of judgment cannot be allowed. The indictment sufficiently charges the substance of the offence. It does not charge, in the terms of the statute, as regularly it should do, that the defendants did "lewdly and lasciviously associate," etc., but it does charge that they "unlawfully did associate, bed and cohabit together, and then and there did commit fornication and adultery, contrary to the form of the statute," etc., and it also charged that they were "not united together in marriage." All this must imply that they did "lewdly and lasciviously associate." *State* v. *Lashley,* 84 N. C., 754. It is always safer and better to charge the statutory offence in the words of the statute, when this can be conveniently done, but when the offence is charged substantially, in all respects, the indictment must be upheld as sufficient.

There is no error, and the judgment must be affirmed.

Affirmed.