STATE v. RUBE PETERSON.

(Filed 9 December, 1908).

**1. Jurors, Right of Accused to Reject—Appeal and Error.**

The right of an accused, in a criminal action, is to reject, and not to select the jurors, and the act of a trial Judge in standing a juror aside is not reviewable on appeal, though he should give an erroneous legal reason therefor.

**2. Appeal and Error — Witnesses, Improperly Sworn — Exception, When Taken.**

An exception that witnesses were not properly sworn, when no objection was made at the time, and none entered to their examination, cannot be entertained on appeal.

**3. Murder—Evidence—Opinion Evidence—Marks of Shooting.**

Upon a trial for murder by shooting, it is competent for a witness to testify, from his own observation of facts, that there was other evidence of shooting besides the wound on the dead body, as, for instance, bullet holes, bullet marks on surrounding objects, and fresh and empty shells.

**4. Murder—Admissions, Effect of—Malice—Burden of Proof.**

Upon a trial for murder in the second degree, testimony by a State's witness of declarations of defendant subsequent to the killing that he had to kill deceased, the killing with a deadly weapon being admitted, is but an admission of the homicide alone, raising, in law, the presumption of malice, and puts the burden of showing self-defense or manslaughter upon the prisoner.

**5. Murder—Admissions, Effect of—Instructions Ambiguous.**

Upon a trial for murder there was testimony that "the witness said to the prisoner: 'I saw the body. I guess you had to kill him (the deceased),'" to which the prisoner answered, "Yes." The defendant requested the Court to instruct the jury that there was insufficient testimony to go to the jury, leaving out this conversation, to connect the prisoner with the homicide; and that "if the answer of the prisoner, consisting of one word only, satisfies you beyond a reasonable doubt that the prisoner killed the deceased, and the same answer raises a reasonable doubt in your minds whether the killing was of necessity and without fault on his part, then you will acquit the prisoner." *Held*, the instruction was too ambiguous, if for no other reason, to lay the foundation of self-defense.

**6. Instructions—Remarks of Counsel—Harmless Error.**

> Remarks made to the jury by the solicitor in a trial for murder, that it had been a long time since a crime of that nature had been committed, because the juries of the county had put a stop to crime by punishing it, is not reversible error, especially when the Judge cured it by charging, that they must find their verdict from the evidence and must not be influenced by such remarks.

INDICTMENT for murder tried before. *Ferguson, J.,* and a jury, Fall Term, 1908, of YANCEY. Defendant appealed.

*Assistant Attorney-General Clement* for the State.
*J. Bis Ray, Gardner & Gardner* and *Adams & Adams* for defendant.

CLARK, C. J. The solicitor entered a *nol pros* as to murder in the first degree. The jury convicted the prisoner of murder in the second degree.

The State challenged for cause a juror who was bound over to that term for an affray. The Court stood the juror aside as incompetent. Whether the reason the Court gave was correct or not his finding is not reviewable. *State v. Green,* 95 N. C., 613. The prisoner cannot except to the Court excusing a juror. *State v. Barber,* 113 N. C., 712. The prisoner's right is to reject, not to select. *State v. McDowell,* 123 N. C., 764; *State v. Gooch,* 94 N. C., 987; *State v. Hensley, ibid,* 1021; *State v. Jones,* 97 N. C., 469.

The exception that certain witnesses were not properly sworn cannot be considered, because the prisoner made no objection at the time or to the examination. *State v. Council,* 129 N. C., 517, and cases cited. Had the prisoner objected in apt time the Judge could, and doubtless would, have cured the purely technical objection raised. In *State v. Gee,* 92 N. C., 756, where the witness was not sworn at all, the Court held that objection could not be taken after verdict.

The third exception is to the question to a witness, "Did you see any evidence of shooting other than the wound on the

dead man?" The witness replied, "Yes," and gave as instances bullet holes, marks of bullets on the house, on bushes, fresh and empty cartridge shells. This was not objectionable as opinion evidence, but was testimony from observation of facts, and competent. *Britt v. R. R.*, 148 N. C., 37. The fourth exception was to the same testimony by another witness.

A witness for the State testified that he said to the prisoner, "I guess you had him to kill! Prisoner said 'Yes.' That was all that was said." The prisoner did not go on the stand, nor introduce any evidence tending to show killing in self-defense. Nor was there such evidence from the State. The above admission was competent against the prisoner to prove homicide. But his declaration was not evidence in his own favor to show self-defense, especially when ambiguous, as this was. It was proper to exclude evidence attacking the character of the dead man unless there was evidence of self-defense, not merely an admission by prisoner in his own favor. *State v. Turpin*, 77 N. C., 473. The defendant introduced no evidence. The only evidence tending to connect the defendant with the difficulty, as admitted by counsel in his prayer for instruction, was the defendant's affirmative answer to the question, "I guess you had him to kill." This question and answer is not evidence for the prisoner, but against him. The answer, "Yes," admitted the homicide, and threw the burden of proving self-defense or manslaughter on the prisoner.

"What a party says exculpatory of himself after the offense was committed, and not part of the *res gestae,* is not evidence for him; otherwise he might make evidence for himself." *State v. Stubbs,* 108 N. C., 775; *State v. Moore,* 104 N. C., 744; *State v. Ward,* 103 N. C., 419; *State v. McNair,* 93 N. C., 628.

So there was no evidence on the part of the defendant tending to mitigate the crime from murder in the second degree.

The killing with a deadly weapon being admitted, as it was in this case, the law presumes malice. The burden of proof was upon the prisoner to reduce the crime or to show self-defense. This he did not try to do.

The prisoner asked the Court to instruct the jury as follows: "There is not sufficient evidence to go to the jury connecting the prisoner with the homicide, leaving out the following conversation between the defendant and the witness Thos. McKinney. The witness said to the prisoner: 'I saw the body. I guess you had him to kill,' to which the prisoner answered, 'Yes.' Now, if the answer of the prisoner, consisting of one word only, satisfies you beyond a reasonable doubt that the prisoner killed the deceased, and the same answer raises a reasonable doubt in your minds whether he killed of necessity and without fault on his part, then you will acquit the prisoner." The request was given down to and including the word "Yes"; what followed was refused by the Court, and the defendant excepted. It was too ambiguous, if for no other reason, to lay the foundation for self-defense.

Lastly, the prisoner excepted because counsel for the State, in his address to the jury, said, "It has been a long time since such a crime as this has happened in Yancey County, because you have punished crime and put a stop to it." Counsel for prisoner objected that there was no evidence of this. The jury knew, as a matter of common knowledge, and as well as any witness could have told them, whether crime in the county was decreasing, and they must have understood that counsel was not testifying, but merely expressing his opinion of the cause of the alleged decrease. A Court could not hold such a remark as reversible error. If it could have made any serious and damaging impression upon the jury, his Honor cured it in his charge, by referring to this and telling the jury, they "must not be influenced in their verdict by what had not been done, but that they must find their verdict from the evidence before them, under the rules of law laid down

by the Court, without regard to results." *Jenkins v. N. C. Ore Co.,* 65 N. C., 563; *State v. Tuten,* 131 N. C., 701; *State v. Tyson,* 133 N. C., 692.

No error.