### STATE v. ELBERT HAYES.

(Filed 2 April, 1924.)

**Evidence—Motions—Nonsuit—Statutes—Waiver.**

Where the defendant in a criminal action moves for the dismissal or for judgment as of nonsuit after the close of the State's evidence, and thereafter elects to introduce his own evidence, his failure to renew his motion after the whole evidence has been introduced is a waiver of his right to insist upon his first exception, and it is not subject to review in the Supreme Court on appeal. C. S., 4643.

APPEAL by defendant from *Devin, J.,* at October Term, 1923, of DURHAM.

Criminal prosecution tried upon indictments charging the defendant with the larceny of certain goods and with' receiving same knowing them to have been feloniously stolen or taken in violation of C. S., 4250.

From an adverse verdict and judgment pronounced thereon, the defendant appeals.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*J. W. Barbee and R. M. Gantt for defendant.*

STACY, J.    The defendant was indicted in two cases—one charging the larceny of certain automobile parts, the property of Alonzo Barbee, and with receiving same knowing them to have been feloniously stolen or taken; and the other charging the larceny of certain automobile parts, the property of Hall Tilley, and with receiving same knowing them to have been feloniously stolen or taken.    The two cases were consolidated and tried together.

The chief exception presented on the record is the one directed to the refusal of the trial court to grant the defendant's motion for dismissal of the actions or for judgment as of nonsuit, made under C. S., 4643, after the State had produced its evidence and rested its case. After this motion had been overruled, the defendant offered evidence in his own behalf, and the motion was not renewed at the conclusion of all the evidence.    The exception has been waived by the defendant. *S. v. Killian,* 173 N. C., 792.    He had the right to rely upon the weakness of the State's testimony had he rested his case here.    But having elected to offer evidence in his own behalf, he did so *cum onere,* and only his exception noted at the conclusion of all the evidence may be urged on appeal. *Harper v. Supply Co.,* 184 N. C., 204.    Having failed to renew the motion at the conclusion of all the evidence, and the exception entered at the close of the State's evidence having been waived, the record presents no exception in this respect which may now be considered by us.    This accords with the express terms of the statute.    C. S., 4643.

The remaining exceptions and assignments of error present no new question or novel point of law.    They are without special merit, and all of them must be overruled.

There is no legal error appearing on the record.

No error.