On 26 February, 1934, a warrant was issued by the municipal court of the city of Hickory, charging that the defendant "did unlawfully and wilfully maintain a place, building or structure in the city of Hickory for the purpose of prostitution and assignation; (2) did permit persons to occupy a place in the city of Hickory, N.C. for the purpose of prostitution and assignation; (3) did aid and abet in prostitution and assignation, against the statute in such case made and provided, and against the peace and dignity of the State." Upon the trial in the *Page 307 
recorder's court the defendant was adjudged guilty, and he appealed to the Superior Court. There was evidence offered on behalf of the State that the defendant was engaged in the mercantile business. The upstairs or second floor of the store consisted of apartments, which the defendant leased to various parties or persons. There was also evidence that a short time before the indictment a police officer had found two men and two women in bed, and that these parties were arrested and put in jail. Waggoner was not present and his store was closed at the time. On another occasion a police officer testified that he had seen one or two girls come down from the apartments and get in cars with men. The chief of police testified that after one of the girls had been arrested and released that he went to Waggoner "and told him not to rent rooms to her again. . . . Waggoner told me if the women were bad to get them away from there, that he would cooperate with me. After that I saw her in there." There was also evidence that women who lived in the apartments were of bad character, and that this upstairs had a bad reputation. There was also evidence that there was noise at night, and that at various times men and women had been seen going up and down the stairway to the apartments. The evidence further tended to show that Waggoner closed his store about eight o'clock at night and went home. There was no evidence that Waggoner had any actual knowledge of what was going on or that he participated in any way in any violation of law by the occupants of these apartments.
There was a verdict of guilty on the second and third counts in the warrant, and of not guilty on the first count.
From judgment pronounced, defendant appealed.
The warrant was drafted in accordance with the provisions of C. S., 4358. There were exceptions to the competency of evidence as to the reputation of the place and of those who frequented it. The competency of such evidence has been established in S. v. Sinodis, 189 N.C. 565,127 S.E. 601.
The defendant made a motion of nonsuit at the close of State's evidence. This motion was overruled and the defendant offered evidence in his own behalf tending to establish his innocence. The motion for nonsuit was not renewed at the conclusion of all the evidence, and therefore the insufficiency of evidence to warrant conviction was waived and cannot now be considered by this Court on appeal. S. v. Hayes, 187 N.C. 490,122 S.E. 13.
No error. *Page 308