## STATE v. ALFRED CHAPMAN.

### (Filed 25 March, 1942.)

**1. Criminal Law § 47—Held: Crimes charged were of same class and were so connected in time and place as to permit consolidation of indictments for trial.**

The evidence tended to show that defendant, a Negro, was walking through woods with a Negro girl and forced her to have sexual intercourse with him against her will, that on the same night, while defendant was still in company with the colored girl, he met a white girl in the company of two white boys, and that after an altercation with the white boys, they and the colored girl left the white girl with defendant and that he forced her to have sexual intercourse with him against her will. *Held:* The consolidation of the prosecutions for the purpose of trial was not error. C. S., 4622.

**2. Criminal Law § 78d—**

Defendant waives his exception to the refusal of his motion to nonsuit, made at the close of the State's evidence, by introducing evidence and failing to renew his motion at the close of all the evidence. C. S., 4643.

**3. Criminal Law § 34a—**

*Held:* The trial court properly refused to permit testimony of declarations made by defendant on the morning following the alleged crime unless defendant was going to testify in his own behalf, since such declarations were not a part of the *res gestæ* and therefore were incompetent as substantive evidence but would be competent only for the purpose of corroborating the testimony of defendant.

**4. Criminal Law § 56—**

A motion in arrest of judgment, based upon facts which defendant alleges did not come to his knowledge until after expiration of the trial term, cannot be allowed in the Supreme Court when there is no fatal defect appearing on the face of the record. Rules of Practice in the Supreme Court, No. 21.

APPEAL by defendant from *Burney, J.,* at January Term, 1942, of CRAVEN.

Criminal prosecution tried upon two bills of indictment charging the defendant with rape.

At the call of the cases for trial, the solicitor announced that the State would not ask for a verdict of rape, but would ask for a verdict of assault with intent to commit rape in each case. Thereupon the court, in its discretion, consolidated the two cases for trial.

The State offered evidence tending to show that on the night of 20 September, 1941, the defendant, a 38-year-old colored man, in company with one Fannie Simmons, a colored girl, went to the edge of the

city of New Bern under the pretense on the part of the defendant, that they were going to see a girl friend. After they had left the taxi in which they had been riding, the defendant took the Simmons girl on a road through the woods, still pretending to be in search of the friend's house. Fannie Simmons lived in Pamlico County and had arrived in New Bern that day. The prosecutrix testified that after she and defendant had gone along this road into the woods for some distance, the defendant made an improper proposal to her, and upon her refusal he struck her, first near her left eye, and again on the nose, and thereafter forced her to have sexual intercourse with him against her will.

On the same night, and while defendant was still with the colored girl, he met Louise Pate, a white girl, in the company of two white boys, and after having an altercation with the two white boys, Louise Pate, 16 years of age, testified that the boys and the colored girl left her with the defendant and that he forced her to have sexual intercourse with him against her will.

Verdict: "Guilty of an assault with intent to commit rape in each case."

Judgment: In case No. 466, that the defendant be confined in State Prison at Raleigh for a period of seven years, and in case No. 468 that the defendant be confined in the State Prison at Raleigh for a period of eight years. Sentence in No. 468 to begin at the expiration of the sentence in No. 466.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*Charles L. Abernethy, Jr., for defendant.*

DENNY, J. The first exception is to the court finding as a fact that the two cases against defendant made one connected story and therefore consolidated the cases for the purpose of trial. The defendant contends that the consolidation was prejudicial.

The case of *S. v. Rice,* 202 N. C., 411, 163 S. E., 112, holds: "C. S., 4622, regulates the consolidation of criminal actions. This statute has been construed in many decisions of this Court. In *S. v. Combs,* 200 N. C., 671, 158 S. E., 252, it is written: 'The court is expressly authorized by statute in this State to order the consolidation for trial of two or more indictments in which the defendant or defendants are charged with crimes of the same class, which are so connected in time or place as that evidence at the trial of one of the indictments will be competent and admissible at the trial of the others.' *S. v. Lewis,* 185 N. C., 640, 116 S. E., 259; *S. v. Smith,* 201 N. C., 494; *S. v. Malpass,* 189 N. C.,

349, 127 S. E., 248. Moreover, it has been generally held that if separate offenses are charged in the same warrant or indictment, they are to be considered as separate counts. *S. v. Jarrett,* 189 N. C., 516, 127 S. E., 590."

This exception to the consolidation herein complained of cannot be sustained.

The second exception is to the refusal of the court to dismiss the bill or count alleging assault with intent to commit rape upon the body of Louise Pate, in that the testimony, as defendant contends, shows clearly that she voluntarily consented to have sexual intercourse with the defendant. The motion to dismiss was made at the close of the State's evidence. To the refusal of the court to dismiss, the defendant excepted.

The defendant then introduced evidence and the motion to dismiss at the close of all the evidence was not renewed, as required by C. S., 4643. *S. v. Helms,* 181 N. C., 566, 107 S. E., 228; *S. v. Hayes,* 187 N. C., 490, 122 S. E., 13; *S. v. Bittings,* 206 N. C., 798, 175 S. E., 299.

The second exception was waived by the introduction of evidence by the defendant and the failure to renew the motion to dismiss at the close of all the evidence.

The third exception is to the refusal of the court to permit one of the witnesses for the defendant to testify to statements made by the defendant on the morning following the alleged crime, unless it was understood that the defendant was to testify in his own behalf.

In *S. v. McNair,* 93 N. C., 628, the Court said: "It is settled by repeated adjudications, that declarations of a prisoner, made after the criminal act has been committed, in excuse or explanation, at his own instance, will not be received; and they are competent only when they accompany and constitute part of the *res gestæ.*" *S. v. Stubbs,* 108 N. C., 774, 13 S. E., 90; *S. v. Peterson,* 149 N. C., 533, 63 S. E., 87.

In view of the facts in the instant case, unless the evidence was to be offered in corroboration of the defendant's testimony, it was not admissible.

"Evidence may be both corroborative and substantive, and when such is the case, it should be admitted for both purposes, and it is error for the judge to limit it to its corroborative effect. But when evidence is *not substantive,* but only *corroborative* as in the case of previous statements of a witness, it is the duty of the trial judge, even without any request for special instructions, to see that the jury fully understand the use of the evidence, so that it may not operate on their minds as substantive proof of the facts in dispute." Lockhart, Handbook on Evidence, sec. 278, citing *Sprague v. Bond,* 113 N. C., 551, 18 S. E., 701, and *S. v. Parker,* 134 N. C., 209, 46 S. E., 511.

The defendant did testify in his own behalf and the corroborative testimony was properly admitted. The third exception cannot be sustained.

The fourth and fifth exceptions are to the refusal of the court to set aside the verdict and order a new trial.

The motion to set aside the verdict and grant a new trial was addressed to the discretion of the court, and its refusal to grant same is not reviewable on appeal. *S. v. Caper,* 215 N. C., 670, 2 S. E. (2d), 864; *S. v. Brown,* 218 N. C., 415, 11 S. E. (2d), 321; *S. v. Wagstaff,* 219 N. C., 15, 12 S. E. (2d), 657.

This disposes of all of defendant's exceptions. However, the defendant, through his counsel, makes a motion in the Supreme Court in arrest of judgment, based upon facts which he alleges came to the knowledge of the defendant after the expiration of the trial term.

Rule 21 of the Rules of Practice in the Supreme Court, 213 N. C., 821, provides: "Every appellant shall set out in his statement of case served on appeal his exceptions to the proceedings, ruling, or judgment of the court, briefly and clearly stated and numbered. . . . No exception not thus set out, or filed and made a part of the case or record, shall be considered by this Court, other than exceptions to the jurisdiction, or because the complaint does not state a cause of action, or motions in arrest for the insufficiency of an indictment."

There is no fatal defect appearing on the face of the record and the defendant's motion in arrest of judgment must be denied. *S. v. Brown, supra; S. v. Hobbs,* 216 N. C., 14, 3 S. E. (2d), 432; *S. v. McCollum,* 216 N. C., 737, 6 S. E. (2d), 503.

The evidence of the State and of the defendant is conflicting, sordid, and repulsive. Louise Pate, the 16-year-old white girl, admitted she had gone to these particular woods on the night of 20 September, 1941, for the purpose of having sexual intercourse with the two white boys who accompanied her to the premises. She further admitted that she had been having sexual intercourse with men since she was eleven years old. The defendant admitted that he had served one term of five years in the penitentiary and had served three terms on the roads. The defendant testified at the trial that he did have sexual intercourse with both Fannie Simmons and Louise Pate on the night of 20 September, 1941, but denied that such acts were against their will. All the evidence was submitted to the jury and the jury found the defendant guilty in both cases.

In the trial below, we find

No error.