STATE OF NORTH CAROLINA v. WILLIE MITCHELL

No. 7228SC71

(Filed 2 August 1972)

1. Criminal Law § 162— exception to exclusion of evidence — record fails to show what witness would have said

> The exclusion of testimony cannot be held prejudicial when the record fails to show what the excluded testimony would have been.

2. Criminal Law § 77— declarations not part of the res gestae — competency

> Declarations of a prisoner made after the criminal act has been committed in excuse or explanation, at his own instance, will not be received in evidence, unless they constitute part of the *res gestae;* hence, the trial court did not err in excluding statements volunteered to police by the defendant in a murder prosecution where those statements were made some eight hours after the shooting occurred.

3. Homicide § 20; Criminal Law § 42— clothing worn by defendant — admissibility

> The trial court properly excluded as exhibits clothing given by defendant to police on the morning after the shooting where there was no showing that the clothing in question was the same clothing worn by defendant at the time of the shooting or that, if it was, that it was in the same condition when he delivered it to police as it had been at the time of the shooting.

APPEAL by defendant from *Martin, Judge,* 12 July 1971 Session of Superior Court held in BUNCOMBE County.

Defendant was indicted for the first-degree murder of one Jack Norris. He was placed on trial for second-degree murder and pleaded not guilty. The State presented evidence to show the following: About 11:30 p.m. on 29 April 1971 Norris, Ivy James, and Curtis Tribble were sitting in the living room of James's two-room apartment watching television. Defendant came in and started to argue with Norris concerning defendant's girl friend. Norris got up and started toward the adjoining bedroom. Defendant pulled a pistol from his pocket, and when Norris reached the bedroom door, defendant said, "Don't go in there." Norris turned around and said, "What did you say?"

Defendant then shot Norris. Defendant and Norris grabbed each other and started tussling, defendant still having his gun in his hand. James and Tribble ran from the apartment, and while Tribble went for the police, James remained in the hall outside his apartment. In a few minutes defendant came out of the apartment, told James, "You better go back in there," and then ran from the building. James returned to his apartment and found Norris lying on the floor in the living room, bleeding at the mouth. Norris was taken to the hospital but was dead on arrival at 12:14 a.m. on 30 April 1971. The pathologist who performed an autopsy testified that Norris died from internal bleeding caused by a gunshot wound which penetrated the main artery to his right lung. After the shooting James discovered that a butcher knife which had been on the table in his bedroom was missing.

Defendant did not testify but presented the testimony of a police officer to the effect that defendant had voluntarily surrendered at the police department at 8:15 a.m. on 30 April 1971. At that time he had a wound on the back of his left shoulder. Defendant gave the police a butcher knife which answered the description of the knife which James had testified was missing from his bedroom. There was blood on the blade of the knife.

The jury found defendant guilty of murder in the second degree. From judgment sentencing defendant to prison for not less than 18 nor more than 20 years, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General William F. O'Connell for the State.*

*Giezentanner & Brock by Floyd D. Brock for defendant appellant.*

PARKER, Judge.

[1]  During cross-examination of one of the eyewitnesses to the shooting, defense counsel asked the witness if it "would have been possible" for the victim to have had a knife in his hand without the witness seeing it. The court sustained the solicitor's objection to the question, to which action defense counsel excepted and now assigns error. We find this assignment of error without merit. There was no evidence whatsoever even tending to indicate that the victim had a knife or weapon of

any type in his hand prior to the time he was shot. All the evidence was to the contrary. The record reveals that the trial judge did not unduly restrict defense counsel's cross-examination of the State's witnesses. On the contrary, this cross-examination was both searching and thorough, so that the jury was fully apprised both of the events which transpired up to the time of the shooting and of the witnesses' opportunities to see, or to fail to see, the matters concerning which they testified. Moreover, the record does not show what the witness's answer would have been had he been permitted to answer, and the exclusion of testimony cannot be held prejudicial when the record fails to show what the excluded testimony would have been. *State v. Kirby,* 276 N.C. 123, 171 S.E. 2d 416; *State v. Poolos,* 241 N.C. 382, 85 S.E. 2d 342.

[2] Appellant also assigns error to the actions of the trial judge in excluding testimony concerning statements which defendant volunteered to the police at the time he surrendered on the morning following the shooting. In this there was no error. *State v. Chapman,* 221 N.C. 157, 19 S.E. 2d 250. "It is settled by repeated adjudications that declarations of a prisoner, made after the criminal act has been committed, in excuse or explanation, at his own instance, will not be received; and they are competent only when they accompany and constitute part of the *res gestae." State v. McNair,* 93 N.C. 628. "What a party says exculpatory of himself after the offense was committed, and not part of the *res gestae,* is not evidence for him. Otherwise, he might make evidence for himself." *State v. Stubbs,* 108 N.C. 774, 13 S.E. 90. In the present case the statements of defendant were volunteered to the police some eight hours after the shooting and cannot be considered part of the *res gestae.* Defendant did not testify, and no contention is made that the statements were competent for purposes of corroboration.

[3] Finally, appellant contends the trial judge erred in not permitting him to introduce in evidence as exhibits certain articles of clothing which defendant gave to the police on the morning following the shooting. The proffered exhibits were properly excluded. There was no showing that the clothing in question was the same clothing worn by defendant at the time of the shooting or that, if it was, that it was in the same condition when he delivered it to the police as it had been at the time of the shooting. The exhibits were not relevant to any issue in the case.

It would appear that defendant, without taking the stand and thereby subjecting himself to cross-examination, was attempting to inject into the case some basis for contending that he acted in self-defense. If so, his attempt failed. There was no showing that the small cut which was on defendant's back when he surrendered to the police on the morning following the shooting was inflicted upon him by his victim at the time of the shooting. On the contrary, two eyewitnesses testified that the victim held no weapon and that defendant was the aggressor when the fatal shot was fired.

In the trial and judgment appealed from we find

No error.

Chief Judge MALLARD and Judge MORRIS concur.