STATE OF NORTH CAROLINA v. HARRY D. REED

No. 7312SC165

(Filed 14 March 1973)

1. **Robbery § 4— armed robbery of a restaurant — sufficiency of evidence**
   State's evidence in an armed robbery prosecution was sufficient to withstand nonsuit where it tended to show that defendant entered a restaurant where a witness worked, that he held a gun on the witness and removed money from her presence, that the witness observed defendant for some five minutes in the well-lighted restaurant and that the witness identified defendant directly and unequivocally at the trial as the man who had robbed the restaurant.

2. **Criminal Law § 34— evidence of subsequent robbery — no error**
   Reference by a witness to a robbery subsequent to the one in question did not constitute prejudicial error where the reference was necessary to explain the witness's out-of-court confrontation with defendant and where the State made no effort to connect defendant with the subsequent robbery.

3. **Criminal Law § 77— voluntary statements to companion — admissibility**
   Voluntary statements made by defendant to a companion while they were both being served with warrants did not result from custodial police interrogation and were properly received in evidence.

APPEAL by defendant from *Brewer, Judge,* 9 October 1972 Session of Superior Court held in CUMBERLAND County.

Defendant was tried under a bill of indictment, proper in form, for the offense of armed robbery. The State offered evidence which tended to show the following:

On 14 January 1972, at approximately 10:30 p.m., defendant entered a Kentucky Fried Chicken restaurant in Fayetteville and placed a gun in the side of the manager, Mrs. Kay Rothgeb. Defendant stated that it was a holdup and removed from Mrs. Rothgeb's presence approximately $820.00. The lighting in the restaurant was good and Mrs. Rothgeb observed defendant's face for about five minutes during the robbery. Several other employees were present and defendant forced them to lie down on the floor. A companion remained at the rear door keeping watch over the employees. The companion was never identified.

In May of 1972, Mrs. Rothgeb saw two men at a bus stop as she drove through Ft. Bragg. She recognized one of the men (Gonzalis) as the man who had robbed her at the same restau-

rant in the latter part of April, 1972. Defendant was not connected with this later robbery. Mrs. Rothgeb summoned a military policeman and while Gonzalis was being arrested, Mrs. Rothgeb noticed that his companion, the defendant, was the man who had robbed her in January of 1972.

Defendant offered evidence which tended to establish an alibi.

The jury returned a verdict of guilty as charged and defendant appeals from a judgment of imprisonment entered upon the verdict.

*Attorney General Morgan by Associate Attorney Maddox for the State.*

*Anderson, Nimocks & Broadfoot by Henry L. Anderson, Jr., for defendant appellant.*

GRAHAM, Judge.

[1] Defendant assigns as error the denial of his motion "for a directed verdict and for a mistrial of the case on the grounds that the State's evidence, taken in the light most favorable for the State, fails to show the crime of armed robbery."

The testimony of Mrs. Rothgeb indicates that she had ample opportunity to observe the defendant while the robbery was taking place and her identification of him at the trial was direct and unequivocal. Certainly the evidence was sufficient to take the case to the jury.

The motion for a mistrial was joined with the motion for a directed verdict. No grounds were stated for this motion and we find nothing in the record which would have justified a mistrial.

[2, 3] Other assignments of error, all of which relate to the admission or the exclusion of evidence, have been carefully reviewed and found without merit. The reference of Mrs. Rothgeb to the subsequent robbery of April, 1972 was necessary in order for her to explain how her out-of-court confrontation with defendant in May of 1972 occurred. Since no effort was made by the State to connect defendant with this later robbery, the reference to it in Mrs. Rothgeb's testimony was not sufficiently prejudicial to require a new trial. Voluntary statements made by defendant to Gonzalis while they were both

being served with warrants did not result from custodial police interrogation and were properly received in evidence. *State v. Perry,* 276 N.C. 339, 172 S.E. 2d 541. The exclusion of self-serving statements made by defendant to a police officer was not error. *State v. Chapman,* 221 N.C. 157, 19 S.E. 2d 250.

In our opinion the defendant received a fair trial free from prejudicial error.

No error.

Judges CAMPBELL and BRITT concur.