STATE OF NORTH CAROLINA v. DONALD DEWEY NORRIS

No. 11

(Filed 10 October 1973)

1. **Criminal Law § 77— exculpatory statements made ten days after crimes — exclusion proper**

    Trial court in a rape and kidnapping case did not err in excluding exculpatory statements made by defendant to the arresting officer where those statements were made ten days after the alleged offenses occurred.

2. **Kidnapping § 1; Rape § 5— sufficiency of evidence**

    The trial court in a rape and kidnapping case properly denied defendant's motions to dismiss where the evidence tended to show that defendant forced his victim at gunpoint to accompany him in his vehicle to a secluded area, that defendant struck his victim on the head with the pistol, that defendant forced her into the woods where he raped her, that the victim immediately reported the crimes to police, and that in accordance with the victim's account, the officers found

---

---

at the crime scene a cigarette butt defendant had left there and a pair of socks the victim had left there.

**3. Criminal Law § 126— instruction on unanimity of jurors — no error**

    The trial court in a rape and kidnapping case did not err in instructing the jury that the verdicts whether guilty or not guilty must be unanimous, nor was there error in the manner of the return of the verdict and of the polling of the jury.

APPEAL by defendant from *Friday, J.,* January 29, 1973 Session, GASTON Superior Court.

The defendant, Donald Dewey Norris, was charged, by bills of indictment, with the offenses of kidnapping and rape. The indictments, regular in form, named Jerry Lee Brown as the victim in each case. Without objection the charges were consolidated and tried together.

The State's evidence disclosed that on the morning of October 10, 1972, as Mrs. Jerry Lee Brown was walking along a public street in Gastonia on her way to a nearby tennis court, the defendant, in his automobile, stopped abreast of Mrs. Brown and made inquiry as to the residence of one, Mr. Benny. When Mrs. Brown stopped, he drew a pistol, grabbed her by the arm, pulled and forced her into his automobile. As she struggled, he struck her on the side of the head with the pistol. He drove to a secluded spot on Crowder Mountain and forced her to go with him into the woods where he committed two acts of sexual intercourse. Medical evidence disclosed that five stitches were required to suture the head wound resulting from the defendant's blow with the pistol.

Mrs. Brown's testimony was full and complete and made a strong case of the defendant's guilt of rape. The evidence disclosed that after the defendant forced Mrs. Brown into his automobile, Mrs. Brown signaled to a passerby that she was in distress. Mr. Sowsby, the passerby, saw the signal, immediately went to a telephone, notified the police, giving a description of the automobile and that a female passenger seemed to be in trouble. Mr. Sowsby testified in corroboration. Mrs. Brown described the places where the assaults occurred and at these places the officers found the socks Mrs. Brown was wearing to the tennis court and the cigarette butt Mrs. Brown had reported to the officers the defendant left at the scene.

The defendant neither testified nor offered evidence.

The jury returned a verdict of guilty in each case. The verdicts were duly verified by a poll of the jury at the defendant's request. On the charge of kidnapping, the court imposed a sentence of not less than twenty nor more than thirty years. On the charge of rape, the court imposed a sentence of life imprisonment. The defendant excepted and appealed.

*Robert Morgan, Attorney General, by H. A. Cole, Jr., Assistant Attorney General, for the State.*

*Robert H. Forbes for the defendant.*

HIGGINS, Justice.

The defendant's counsel argues that the defendant is entitled to a new trial on the kidnapping charge and a directed verdict of not guilty on the charge of rape, alleging the court committed errors of law: (1) By refusing to permit the investigating officer to repeat to the jury exculpatory statements made by the defendant at the time of the arrest; (2) and (3) in denying the defendant's motions to dismiss at the close of the State's evidence and repeated after the defense rested without offering evidence; (4) in charging the jury that a verdict either of guilty or not guilty must be unanimous; and (5) in permitting the clerk to poll the jury in the manner disclosed by the record.

[1] The defendant's purported exculpatory statements were made to the arresting officer ten days after the offenses. They were properly excluded. "It is settled by repeated adjudications, that declarations of a prisoner, made after the criminal act has been committed, in excuse or explanation, at his own instance, will not be received; and they are competent only when they accompany and constitute part of the *res gestae.*" *State v. Chapman,* 221 N.C. 157, 19 S.E. 2d 250. *State v. Peterson,* 149 N.C. 533, 63 S.E. 87; *State v. Stubbs,* 108 N.C. 774, 13 S.E. 90. The assignment of error is without merit.

[2] The evidence of Mrs. Brown was full and complete, disclosing all elements of the crimes charged. She made immediate report to the officers and directed and led them to the place where the assaults were committed. She reported to the officers the defendant left a cigarette butt at the scene. The officers found it and also a pair of socks Mrs. Brown left at the place where the assaults occurred. The evidence was ample to go to

State v. Norris

the jury and to sustain the verdicts. *State v. Stephens*, 244 N.C. 380, 93 S.E. 2d 431. The motions to dismiss the charges were properly denied.

[3] The defendant challenges the court's instruction that the verdicts whether guilty or not guilty must be unanimous. The charge is correct. The court accepts only a unanimous verdict reported by the jury. If the jury reports a failure to agree, the practice is for the judge to instruct the jury to continue its deliberations if a verdict seems at all likely. However, upon a finding the jury is hopelessly deadlocked, it is proper for the judge to declare a mistrial and reset the case for retrial. The judge, especially in a capital case, should make inquiry and should find facts before ordering a mistrial. After a jury is empaneled, jeopardy usually attaches. Hence the record should show just cause for a mistrial. *State v. Boykin*, 255 N.C. 432, 121 S.E. 2d 863; *State v. Cofield*, 247 N.C. 185, 100 S.E. 2d 355; *State v. Crocker*, 239 N.C. 446, 80 S.E. 2d 243.

Since the defendant finds fault with the form of the verdict and the manner of its return and of the polling of the jury, we quote here the record dealing with these subjects:

"VERDICT

The jury retired to the jury room to begin their deliberations at 2:10 o'clock p.m. They returned with their verdict at 4:12 o'clock p.m.

THE COURT: Ladies and Gentlemen of the Jury, will you please rise. (The jury stands.)

THE CLERK: Members of the Jury, answer to your name. (Whereupon, the Clerk called the names of each juror in the box and each juror answered 'here.'

THE CLERK: Have you all agreed on your verdict?

THE FOREMAN: Yes.

THE CLERK: Who shall speak for you?

THE FOREMAN: I will.

THE CLERK: Donald Dewey Norris, stand and hold up your right hand. Members of the Jury, look upon the defendant. What say you? Is he guilty of the felony or (sic) rape whereof he stands indicted or not guilty?

THE FOREMAN: Guilty.

---

**State v. Norris**

---

THE CLERK: Harken to your verdict as the Court recordeth. You say that Donald Dewey Norris is guilty of rape whereof he stands charged. So say all of you. On the count of kidnapping, is the defendant, Donald Dewey Norris, guilty or not guilty as charged in the bill of indictment?

THE FOREMAN: Guilty.

THE CLERK: You find the defendant guilty of kidnapping. This is your verdict, so say all of you.

THE COURT: (To Mr. Forbes) You wish to have the jury polled?

MR. FORBES: Yes, sir, your Honor.

---

POLLING OF JURY

THE COURT: (To the Jury) Ladies and Gentlemen of the Jury, we will now, at the request of counsel, pole (sic) the jury. As your name is called, will you please rise and answer the questions which the Clerk will ask you. (The Clerk polls the jury as follows):

LYNDA GREEN

Q. You have reported to the Court a verdict of guilty of rape and guilty of kidnapping. Was this your verdict?

A. Yes.

Q. Is this now your verdict?

A. Yes.

Q. Do you still agree and assent thereto?

A. Yes.

The record also discloses that each of the other eleven who were members of the jury was asked the same questions and made precisely the same answers as did Lynda Green. The verdicts are regular in all respects.

The defendant's objections to his trial are utterly without merit. Only the gravity of the charges, and the findings of guilt thereon, justify this extended discussion.

No error.